■ In the Matter of BETH A. MINEO, Respondent, v RANDALL A. MINEO, Appellant. [595 NYS2d 165] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Following a hearing, the Hearing Examiner ordered respondent to pay 60% of his daughter's tuition at a private elementary school and $2,000 toward petitioner's legal expenses of nearly $8,000. Family Court erred in confirming the Hearing Examiner's award with respect to tuition. Absent a voluntary agreement or special circumstances, a parent is not obligated to contribute to private school expenses *(Cooper v Farrell,* 170 AD2d 571; *Cwiklinski v Cwiklinski,* 115 AD2d 951; *Matter of Ladner v Iarussi,* 92 AD2d 895). The parties each testified that they had no agreement that respondent would contribute to their daughter's private school tuition, and petitioner has not argued that special circumstances exist. Thus, the award of private school tuition must be vacated. The award of counsel fees to petitioner was not an abuse of discretion *(cf., Remetich v Schoenberg,* 100 AD2d 581). (Appeal from Order of Monroe County Family Court, Sciolino, J.—Child Support.) Present— Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.

■ In the Matter of CHANEL ANJELIQUE R., an Infant. [595 NYS2d 344] —Order unanimously reversed on the law without costs and matter remitted to Oneida County Surrogate's Court for further proceedings in accordance with the following Memorandum: The Surrogate erred by summarily dismissing petitioner's application to set aside a private placement order of adoption without conducting an evidentiary hearing *(see,* Domestic Relations Law § 115-b [7]; *cf., Matter of Rickey AA.,* 146 AD2d 433, *affd* 75 NY2d 885). Upon remittitur, we direct the court to appoint a guardian ad litem for the child *(see,* SCPA 403-a [1]). (Appeal from Order of Oneida County Surrogate's Court, Ringrose, S.—Adoption.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.