■ JUDITH E. GORDON, Respondent, v WILLIAM P. GORDON, Appellant. [621 NYS2d 263] —Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: After defendant filed a notice of appeal from a "Decision and Order" dated June 3, 1993, an order and judgment (one document) was entered that subsumed that earlier order. We exercise our discretion to treat the appeal as taken from that order and judgment *(see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

The judgment of divorce directed the parties to comply with the terms of a stipulation that resolved issues pertaining to child support, spousal maintenance and equitable distribution of marital property. Supreme Court properly determined after a hearing that defendant had refused to comply with those terms of the stipulation that required him to transfer 60

shares of stock to plaintiff and to pay to plaintiff certain sums of money as part of their property settlement. The court found defendant in civil contempt and imposed a fine of $250. Defendant contends for the first time on appeal that, because plaintiff failed to show that the remedies of sequestration (see, Domestic Relations Law § 243) or income execution of a money judgment (see, Domestic Relations Law § 244; CPLR 5241, 5242) would have been ineffectual, she failed to satisfy that precondition to a finding of contempt (see, Domestic Relations Law § 245; Judiciary Law § 753 [A] [3]; Marrano v Marrano, 145 AD2d 983). By failing to raise that issue before the hearing court, however, defendant failed to preserve it for our review. In any event, that precondition applies only where the order or judgment directs the payment of a sum of money (see, Domestic Relations Law § 245; Judiciary Law § 753 [A] [3]). Because defendant also refused to transfer 60 shares of stock, he disobeyed a lawful mandate other than for the payment of money and the court properly found him in contempt.

The stipulation further obligated defendant to contribute $2,000 per year toward his youngest daughter's educational expenses, provided that his daughter maintained a "C" average as a full-time student and that copies of all bills were provided to defendant. Although she had less than a "C" average for one semester, the daughter maintained a cumulative average of "C" or better, thereby satisfying that portion of the stipulation. The daughter paid for some of her educational expenses by borrowing money through student loans and by withdrawing $1,000 from her infant settlement account. The court properly rejected the contention that defendant was not obligated to contribute toward those expenses. The stipulation contains no provision excepting borrowed funds from defendant's obligation (see, Allyn v Allyn, 163 AD2d 665, lv denied 77 NY2d 806). Likewise without merit is the assertion that defendant is not responsible for expenses appearing on those bills that were not legible; defendant never asked for more legible copies. Thus, we affirm the court's finding that defendant owes $3,680 for educational expenses, but modify the order and judgment to direct that, consistent with the stipulation, defendant pay that sum directly to his daughter.

Evidence elicited at the hearing established that plaintiff detrimentally relied upon defendant's fraudulent concealment of property acquired during the marriage. Thus, the court properly reopened the divorce judgment for proof relating to

defendant's contribution toward acquisition of that property *(cf., Stockfield v Stockfield,* 131 AD2d 834). (Appeal from Order and Judgment of Supreme Court, Monroe County, Rosenbloom, J.—Contempt.) Present—Green, J. P., Balio, Wesley, Callahan and Doerr, JJ.