■ ANNE W. ULRICH et al., Appellants, v ONEIDA HORIZON REDEVELOPMENT CORP., Respondent. (Appeal No. 1.) [625 NYS2d 955] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Shaheen, J. (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J. —Summary Judgment.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.

■ ANNE W. ULRICH et al., Appellants, v ONEIDA HORIZON REDEVELOPMENT CORP., Respondent and Third-Party Plaintiff-Appellant. ESQUIRE MOTELS, INC., Third-Party Defendant-Respondent. (Appeal No. 2.) [625 NYS2d 767] —Appeal by plaintiffs unanimously dismissed without costs *(see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977) and order insofar as appealed from by third-party plaintiff modified on

the law and as modified affirmed with costs to third-party plaintiff in accordance with the following Memorandum: Third-party defendant, Esquire Motels, Inc. (Esquire Motels), breached its lease with third-party plaintiff, Oneida Horizon Redevelopment Corp. (Oneida Horizon), by failing to procure insurance coverage on behalf of Oneida Horizon. The contention of Esquire Motels that the lease did not require it to procure a comprehensive general liability policy with Oneida Horizon named as an additional insured is devoid of merit. The lease identifies Oneida Horizon as "landlord" and requires Esquire Motels to name as additional insureds "landlord, Oneida County Industrial Development Agency and Hayes National Bank".

Esquire Motels failed to preserve for review the contention that Oneida Horizon waived its right to enforce the breach by failing to take action upon receipt of the certificate of insurance revealing that Oneida Horizon was not named as an additional insured (see, Gordon v Gordon, 210 AD2d 929; 1-900-Autofax, Inc. v Niagara Frontier Auto. Dealers Assn., 209 AD2d 1016).

Because Esquire Motels breached its agreement to procure insurance covering Oneida Horizon, it is liable for the resulting damages, which include the litigation costs and expenses of defending plaintiffs' action against Oneida Horizon (see, Kinney v Lisk Co., 76 NY2d 215, 219; Roblee v Corning Community Coll., 134 AD2d 803, 805, lv denied 72 NY2d 803; Broquedis v Employers Mut. Liab. Ins. Co., 45 AD2d 591, 596; cf., Robinson v Janay, 105 NJ Super 585, 591-592, 253 A2d 816, 819-820, certification denied 54 NJ 508, 257 A2d 107). Dismissal of plaintiffs' action against Oneida Horizon did not render moot Esquire Motel's liability for the litigation costs and expenses incurred by Oneida Horizon prior to dismissal of that action. Thus, Supreme Court erred in denying Oneida Horizon's motion to the extent it sought summary judgment that Esquire Motels is liable for those litigation costs and expenses. (Appeals from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.