■ In the Matter of HERSHAL R. CATE, Appellant, v JENNIFER LaVALLEY, Respondent. [645 NYS2d 236] —Order unanimously affirmed without costs. Memorandum: Family Court properly awarded custody of the parties' child to respondent and also properly granted her application to relocate with the child to the State of Texas. Applying the standard set forth in *Matter of Tropea v Tropea* (87 NY2d 727), we conclude that the record establishes by a preponderance of the evidence that the award of custody and the proposed relocation would serve the

best interests of the child. Respondent has been the primary caretaker of this child born out of wedlock since the child was born. Petitioner has shown little interest in his daughter, as demonstrated by his sporadic record of exercising visitation and paying child support. Respondent has lived most of her life in Texas and her immediate family lives there. Respondent testified that she wished to relocate to Texas to be with her mother and attend cosmetology school. Petitioner, on the other hand, has no established ties to New York, no steady residence or employment in New York, a history of fathering children out of wedlock and failing to support them, and a history of drug and alcohol abuse. The record establishes that it is in the best interests of the child that respondent have custody and be permitted to relocate to Texas with the child.

The court did not abuse its discretion in refusing to order specific visitation for petitioner due to his current unsettled living arrangements and circumstances. Petitioner was not denied visitation; rather, the court directed that, in the event the parties could not agree to visitation, petitioner could reapply to a court of competent jurisdiction in either New York or Texas for an order of visitation.

There is no merit to the contention of petitioner that the court erred in denying his application to set aside its decision. (Appeal from Order of Ontario County Family Court, Henry, Jr., J.—Custody.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.