■ WILLIAM R. LANNEN, Appellant, v BARBARA J. LANNEN, Respondent. [647 NYS2d 635] —Order unanimously modified on the law and as modified affirmed without costs in accordance

with the following Memorandum: We agree with plaintiff that Supreme Court erred in requiring him to pay half the tuition and expenses for high school for his daughter. The statutory test for an award of educational expenses (*see,* Domestic Relations Law § 240 [1-b] [c] [7]) was not "meant to represent a radical shift away from the traditional rule of 'special circumstances' " (*Matter of Cassano v Cassano,* 203 AD2d 563, 565, *affd* 85 NY2d 649). The traditional rule is that the father "should not be compelled, over his objection to pay for private schooling where 'the community makes available to children through the public school system the education which each child is entitled to as a matter of course' " (*Gartin v Gartin,* 64 AD2d 600, quoting *Borden v Borden,* 130 NYS2d 831, 833; *see, Matter of Ladner v Iarussi,* 92 AD2d 895). Thus, absent special circumstances, "a public school may provide the child a suitable education" (*Cwiklinski v Cwiklinski,* 115 AD2d 951; *see also, Matter of Mineo v Mineo,* 191 AD2d 1002). The relevant factors that comprise special circumstances include the educational background of the parents, the child's academic ability, and the parents' financial ability to provide the necessary funds (*see, Matter of Cassano v Cassano, supra,* at 564; *Matter of Howard v Howard,* 186 AD2d 132; *Romansoff v Romansoff,* 167 AD2d 527).

Application of those factors does not support a finding of special circumstances here. The parties are both graduates of public high schools. The financial resources of plaintiff are such that the cost of private school would have a significant impact on his income (*cf., Rocchio v Rocchio,* 213 AD2d 535). Finally, although an expert testified on behalf of defendant that the child would be more comfortable in a small private high school, that factor alone does not compel the conclusion that plaintiff should contribute to the child's private school tuition (*cf., Cohen v Cohen,* 203 AD2d 411).

The court did not abuse its discretion in ordering plaintiff to pay $1,500 in counsel fees. The parties contemplated that the question of tuition would be left open, presumably for the court to decide in the event that the parties were unable to reach agreement. Our conclusion that the award of private school tuition must be vacated does not compel vacatur of the award of counsel fees (*see, Matter of Mineo v Mineo, supra*). (Appeal from Order of Supreme Court, Erie County, Stathacos, J.H.O.— Child Support.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.