■ KEVIN J. HILTON, Appellant, v JANA M. HILTON, Respondent. (Appeal No. 1.) [665 NYS2d 203] —Order unanimously affirmed with costs. Memorandum: In this child custody dispute, plaintiff father appeals from three orders of Supreme Court. The first awarded custody of the parties' then four-year-old son, Travis, to defendant mother, subject to specified visitation by plaintiff, thus allowing defendant to relocate with the child from Jamestown to Hillsdale, Columbia County. The second or-

der denied plaintiff's motion for reconsideration of the custody order, while the third order directed plaintiff to pay interim counsel fees of $1,700 to defendant's attorneys.

On appeal, plaintiff contends that the court erred in awarding defendant custody and interim attorney's fees.

The record establishes that it is in the best interests of Travis to be restored to the custody of defendant, despite her relocation to a new home 400 miles from plaintiff's residence (*see generally, Matter of Tropea v Tropea*, 87 NY2d 727, 736-742). The court properly awarded custody to defendant based on plaintiff's history of alcohol and drug abuse, plaintiff's repeated acts and threats of violence against defendant and her daughter, and plaintiff's various criminal convictions. The proof establishes that, at various times during the parties' marriage, plaintiff put a gun to defendant's head, broke defendant's cheekbone, dragged defendant by her hair, dragged her down the stairs, threw her out of the house onto the driveway and kicked her in the stomach while she was pregnant with Travis. The court's custody determination is buttressed by the fact that defendant had been the primary caretaker since Travis was born and, except for a period immediately preceding the hearing, had primary custody of Travis since the parties' separation. Further, the record establishes that defendant is better able to provide for the child's educational needs. The court adequately considered the child's best interests by restoring custody to defendant while granting plaintiff relatively long periods of visitation designed to maximize his opportunity to maintain his relationship with the child (*see, Matter of Gillard v Gillard*, 241 AD2d 966).

Similarly, the court did not err in granting in part defendant's request for attorney's fees. The amount awarded, $1,700, represents less than half of the fees incurred by defendant to this point in the case. Those fees were incurred in defending motions unsuccessfully advanced by plaintiff, including his motion to modify the custody arrangement and his subsequent motions for reconsideration. Further, most of the attorney's fees were incurred while defendant was on public assistance and while plaintiff was earning about $20,000 a year. (Appeal from Order of Supreme Court, Chautauqua County, Hartley, J.—Custody.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.