OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Following commencement of this divorce action by the husband, the wife sought a pendente lite order of child support and maintenance. Although Supreme Court denied the wife’s application for temporary maintenance, it did order the husband to pay temporary child support and to continue to pay the mortgages, taxes and insurance on the marital residence. In the judgment and decree of divorce, the court awarded the wife maintenance in the amount of $2,500 per month for a period of five years, retroactive to her application (Domestic Relations Law § 236 [B] [6] [a]). The court denied the husband’s request for full credit for the pendente lite payments of the mortgages, taxes and insurance against the retroactive maintenance award and determined that those payments were child support.
The record supports the court’s determination at the judgment settlement conference that it “took into account” whether any credits for mortgage, taxes and insurance payments were due against the award of retroactive maintenance (Domestic Relations Law § 236 [B] [6] [a]). Contrary to plaintiffs contentions, payments of this kind are not required by the statute to be considered temporary maintenance, and may be solely considered child support (Domestic Relations Law § 236 [B] [8] [b]).
This case does not require us to determine how the trial courts should “take into account” temporary maintenance payments in considering appropriate credits for those payments against the award of retroactive maintenance pursuant to Domestic Relations Law § 236 (B) (6) (a).
In order to avoid protracted or inconsistent litigation, and to allow for appropriate appellate review, trial courts should, at an appropriate stage in the proceedings, definitively indicate in their decisions the amount of pendente lite payments made toward maintenance, child support and third parties ie.g., mortgage, taxes and insurance). The courts should also indicate how the third-party payments are allocated as between maintenance and child support, and the method of crediting these various payments in the calculation of the retroactive amount due for each category (Domestic Relations *789 Law § 236 [B] [6] [a]; [7] [a]). Only with such record articulation can appellate courts — especially intermediate appellate courts with plenary fact, law and discretion power — exercise meaningful, consistent and fair review of such rulings.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Order affirmed, with costs, in a memorandum.