■ ASENATH ATWAL, Respondent-Appellant, v AMARJIT ATWAL, Appellant-Respondent. (Appeal No. 1.) [705 NYS2d 316] —Appeal and cross appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeals from Order of Supreme Court, Erie County, Howe, J.—Matrimonial.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.

■ ASENATH ATWAL, Respondent-Appellant, v AMARJIT ATWAL, Appellant-Respondent. (Appeal No. 2.) [704 NYS2d 765] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant appeals and plaintiff cross-appeals from a judgment of divorce insofar as it determined various contested economic issues. We reject the contention of defendant that Supreme Court erred in accepting the testimony of plaintiff's expert concerning the valuation of his professional corporation and other business interests. "The determination of the fact-finder as to the value of a business, if within the range of the testimony presented, will not be disturbed on appeal if it rests primarily on the credibility of expert witnesses and their valuation techniques" (*L'Esperance v L'Esperance,* 243 AD2d 446, 447; *see also, Burns v Burns,* 84 NY2d 369, 374-375).

The court did not abuse its discretion in awarding plaintiff 50% of the marital assets. The court has "great flexibility and discretion to fashion an equitable award" (*Lester v Lester,* 237 AD2d 872, 874). Given the 21-year duration of the marriage, and plaintiff's substantial direct and indirect contributions to defendant's professional ventures, an equal division of marital assets was proper.

We also reject defendant's contention that the court violated the principles set forth in *McSparron v McSparron* (87 NY2d 275, *rearg dismissed* 88 NY2d 916) by awarding maintenance in addition to making a distributive award. The court valued defendant's enhanced earnings at zero to avoid making a duplicative award. The court did not err in failing to take into account the tax impacts of the distributive award because there was no evidence that any assets would have to be sold (*see, Waldman v Waldman,* 196 AD2d 650, 651).

The record supports the court's determination that the liquidated value of an Atwal & Mundi, Inc. receivable was $1.1 mil-

lion. The parties stipulated that the value of the receivable was $1,429,436, and defendant did not contest plaintiff's estimated liquidated value as set forth in plaintiff's proposed findings of fact. The court properly awarded the retirement and pension accounts to plaintiff. Those accounts were the only liquid assets, and the court awarded them to plaintiff to allow defendant to keep his business assets intact. Even where marital assets are divided equally, the court is not required to divide each asset equally (*see, Urtis v Urtis,* 181 AD2d 1001, 1003-1004).

Although the annual amount of maintenance is reasonable, in light of the substantial amount of the distributive award, the court abused its discretion in awarding plaintiff lifetime maintenance. We, therefore, reduce the duration of the maintenance award to 10 years. We further conclude that the court abused its discretion in requiring defendant to bear the cost of health and hospitalization insurance for plaintiff and in requiring defendant to pay plaintiff's expert fees. Given plaintiff's substantial assets and the significant award of maintenance, plaintiff failed to demonstrate that she is unable to pay her own expert fees (*see, Dempster v Dempster,* 236 AD2d 582, 583, *lv denied* 90 NY2d 806). We modify the judgment, therefore, by reducing the duration of the maintenance award to 10 years and by deleting the provisions requiring defendant to provide a policy of health and hospitalization insurance for the benefit of plaintiff and to pay plaintiff's expert fees in the amount of $73,734.49. (Appeals from Judgment of Supreme Court, Erie County, Howe, J.—Matrimonial.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.