BENJAMIN KUDELA, Appellant, v BARBARA KUDELA, Respondent. [716 NYS2d 231] —Judgment unanimously affirmed without costs. Memorandum: We reject plaintiff's contention that Supreme Court abused its discretion in awarding defendant ownership of the marital residence. The court awarded plaintiff ownership of business property and attempted to equalize the distribution by directing defendant to pay a distributive award to plaintiff. "[T]he trial court is vested with broad discretion in making an equitable distribution of marital property and, absent an abuse of discretion, its determination will not be disturbed" (*Bossard v Bossard,* 199 AD2d 971).

Plaintiff's further contention that the court erred in failing to consider the tax consequences of a sale of the business property is not preserved for our review. In any event, the court was not required to consider the tax consequences of a sale of the business property in the absence of "some evidence from which the court could have determined the dollar amount of the tax consequences" (*De La Torre v De La Torre,* 183 AD2d 744, 745; *see, Wadsworth v Wadsworth,* 219 AD2d 410, 415). Nor was it required to consider the tax consequences when there was no evidence that the business property would have to be sold (*see, Atwal v Atwal* [appeal No. 2], 270 AD2d 799, *lv denied* 95 NY2d 761).

Contrary to plaintiff's contention, the court properly set forth the factors that it considered in awarding maintenance and the reasons for its decision (*see, Hartog v Hartog,* 85 NY2d 36, 51).

The court's "failure to analyze each of the statutory maintenance factors * * * [does] not alone warrant appellate alteration of the award" (*Hartog v Hartog, supra*, at 51). Also contrary to plaintiff's contention, the court considered the parties' predivorce standard of living in reaching its determination. We conclude that the court did not abuse its discretion in the amount and duration of the maintenance awarded (*see, Myers v Myers*, 255 AD2d 711, 716-717).

Plaintiff contends that the court erred in denying his motion pursuant to CPLR 4403 to modify the report of the Referee in part by reducing the maintenance award based on defendant's posttrial employment. Plaintiff's allegations in this regard, however, were conclusory and lacking in any evidentiary value. Notwithstanding denial of that motion, plaintiff may apply for modification of that part of the judgment awarding maintenance upon a showing of a substantial change in circumstances (*see*, Domestic Relations Law § 236 [B] [9] [b]). (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.— Matrimonial.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.