■ Donald Erickson, Appellant, v Cheryl Erickson, Respondent. [723 NYS2d 521] —Crew III, J. Appeal from a judgment of the Supreme Court (Hughes, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered July 2, 1999 in Albany County, upon a decision of the court.

Plaintiff appeals from Supreme Court's judgment ordering equitable distribution of the parties' marital property. Initially, plaintiff contends that Supreme Court erred in awarding maintenance to defendant as such award derives from the same income stream utilized to value plaintiff's professional engineering license (*see, McSparron v McSparron*, 87 NY2d 275, 286). We disagree. Here, the expert valued plaintiff's earning capacity without his license, determined his anticipated earnings with the license until retirement and then arrived at the present value of the enhanced earnings. Clearly, Supreme Court

was at liberty to award maintenance based upon the income stream represented by plaintiff's earning capacity without his license, inasmuch as those moneys were not capitalized, converted into marital property and distributed (*see, Grunfeld v Grunfeld,* 94 NY2d 696, 707). Likewise, to the extent that only a portion of plaintiff's license was subject to equitable distribution because he had completed two years of his education prior to the marriage, the income stream attributable to the undistributed portion of the license was available for purposes of maintenance. Our review of the record satisfies us that Supreme Court's award of maintenance is appropriate inasmuch as plaintiff's base income—the income he would have been expected to earn without his license—as well as the undistributed portion of his license, is amply sufficient to support such award.

We do agree, however, with plaintiff's contention that Supreme Court erred in directing that he select the "joint allowance-full" retirement benefit option as a part of the equitable distribution of his pension. Plaintiff is quite correct that under that option, part of the pension received by defendant will constitute nonmarital property because plaintiff continues to work, thus adding to his pension following the divorce. Accordingly, the judgment must be modified by directing that plaintiff select a joint and survivor option generally referred to as a "special joint allowance option," which will provide defendant with 50% of that fraction of plaintiff's monthly retirement benefits as plaintiff's total benefits bear to the parties' years of marriage pursuant to the dictates of *Majauskas v Majauskas* (61 NY2d 481).

Next, the record reflects that the marital residence should be valued at $133,500. Although Supreme Court valued the residence at $125,000, apparently on the basis of defendant's testimony that it was in need of many repairs, including a new roof and furnace, no evidence was proffered concerning the cost of any such repairs and, as such, there was no basis in the record to discount the value of the residence (*cf., Church v Church,* 169 AD2d 851, 852-853).

Finally, the underlying judgment must be modified to account for certain errors in Supreme Court's mathematical calculations. Initially, there must be an adjustment as to the value of plaintiff's one-half interest in a residence located at 12 Farmingdale Drive in the Town of Colonie, Albany County, which is owned jointly by plaintiff and Sharon Schroeder. The fair market value of the residence was found to be $137,500 with a mortgage balance of $118,000, leaving an equity of

$19,500. Therefore, plaintiff's one-half interest in such residence was $9,750, not $20,000 as determined by Supreme Court. Accordingly, with these corrected values, the marital assets as reflected by the record are:

| | |
|---|---:|
| Marital residence | $133,500 |
| Plaintiff's one-half interest in Farmingdale Drive | 9,750 |
| Plaintiff's enhanced earning capacity | 129,000 |
| Defendant's enhanced earning capacity | 60,250 |
| Total assets subject to distribution | $332,500 |

Contrary to plaintiff's assertion, we have no quarrel with Supreme Court's determination that plaintiff convey his interest in the former marital residence to defendant. However, plaintiff is correct in his contention that Supreme Court, in attempting to fashion an approximately equal distribution of the marital assets, actually made a wholly unequal distribution. Accordingly, we determine that defendant owes plaintiff the sum of $27,500.* Such distributive share shall be paid by defendant in five equal annual installments, the first to be made 90 days following entry of this Court's order and on the same date on each of the four years thereafter. In the event that plaintiff has made the two installment payments called for in Supreme Court's judgment of divorce then defendant, in addition to the five installment payments herein required, shall reimburse plaintiff in two installments, the first to be made 90 days following entry of this Court's order and the second on the same date one year hence. Plaintiff's remaining contentions, including his assertion that Supreme Court's determination as to counsel fees was an abuse of discretion, have been examined and found to be lacking in merit.

Cardona, P. J., Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by

---

* As defendant has been awarded the marital residence, she owes plaintiff one half of its value ($133,500) or $66,750. Correspondingly, plaintiff owes defendant one half of the interest that he retained in the Farmingdale residence ($9,750) or $4,875. With respect to the parties' enhanced earning capacity, plaintiff owes defendant one half of his enhanced earning capacity ($129,000) or $64,500 and defendant owes plaintiff one half of her enhanced earning capacity ($60,250) or $30,125. Thus, defendant owes plaintiff $27,500 ($66,750 − $4,875 − $64,500 + $30,125).

reversing so much thereof as awarded defendant a distributive award in the amount of $26,500 and directed plaintiff to select the "joint allowance-full" option with respect to his pension; defendant is directed to pay plaintiff a distributive award in the amount of $27,500 in five equal annual installments; in the event that plaintiff has made one or more distributive payments as provided for in Supreme Court's judgment of divorce then defendant, in addition to the installment payments herein ordered, shall reimburse plaintiff in equal annual installments, the first to be made 90 days following entry of the order herein, and plaintiff is to select the retirement benefit option that will divide his pension in accordance with this Court's decision; and, as so modified, affirmed.