freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (*Letterman v Reddington*, 278 AD2d 868). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Dismiss Pleading.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.

■ JILL M. KOWALCZEWSKI, Formerly Known as JILL M. MACEY-VOGT, Appellant, v RAYMOND L. VOGT, Respondent. (Appeal No. 1.) [730 NYS2d 924] —Order unanimously affirmed with costs. Memorandum: In this divorce action, Supreme Court properly denied plaintiff's first application for postjudgment relief, including her requests to establish defendant's basic child support obligation at $197 per week and for a judgment of arrears. In denying that application, the court properly ordered defendant to continue paying basic child support in an amount equal to 25% of his gross weekly income minus FICA, in accordance with the express terms of the parties' "Matrimonial Settlement Agreement" and the judgment of divorce.

The court also properly denied plaintiff's subsequent application for an order imputing additional income to defendant based upon his former employment. There is no basis on this record for concluding that defendant is not earning up to his potential or that he has deliberately reduced his income in order to reduce his child support obligation (*see, Petek v Petek,* 239 AD2d 327, 328; *Martusewicz v Martusewicz,* 217 AD2d 926, 927, *lv denied* 88 NY2d 801). (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Support.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.

■ JILL M. KOWALCZEWSKI, Formerly Known as JILL M. MACEY-VOGT, Appellant, v. RAYMOND L. VOGT, Respondent. (Appeal No. 2.) [730 NYS2d 925] —Order unanimously affirmed with costs. Same Memorandum as in *Kowalczewski v Vogt* (286 AD2d 892 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Support.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.

■ MARY J. GEDON, Individually and as Administratrix of the Estate of DANA E. GEDON, M.D., Deceased, Respondent-Appellant, v BRY-LIN HOSPITALS, INC., et al., Respondents, and TIA MATTHEWS, as Administratrix of the Estate of ARTHUR MATTHEWS, M.D., Deceased, et al., Appellants-Respondents, et al., Defendant. [730 NYS2d 641] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On February 12, 1993, Dana E. Gedon, M.D. (Gedon), an anesthesiology resident, missed a scheduled surgery, appeared disoriented and dazed