■ EILEEN FRUCHTER, Respondent, v ALEXANDER FRUCHTER, Appellant. [732 NYS2d 810] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment resolving the financial and other issues arising out of plaintiff's action for divorce. Contrary to defendant's contention, Supreme Court did not err in granting plaintiff's request to relocate with the children to Connecticut. Plaintiff sustained her burden of demonstrating by a preponderance of the evidence that the proposed relocation would be in the children's best interests (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 741). Plaintiff has always been the children's principal caretaker. Defendant, as a result of his past emotionally and physically harmful conduct toward the children, lacks

any current relationship with the three oldest children and, at the time of trial, had a strained relationship at best with the youngest. The court thus did not abuse its discretion in permitting plaintiff to relocate with the children (*see, Matter of Boyer v Boyer,* 281 AD2d 953; *Hilton v Hilton,* 244 AD2d 902, 903, *lv dismissed* 91 NY2d 922; *Matter of Cate v LaValley,* 229 AD2d 945; *Matter of Daniels v Daniels,* 224 AD2d 931, 932).

Given the disparity in the parties' respective incomes, the court did not abuse its discretion in directing defendant to pay 100% of the children's private school tuition (after scholarships and financial aid) and unreimbursed health-related expenses (*see, Tozer v Tozer,* 286 AD2d 384; *Matter of Paul v Rodems,* 226 AD2d 1047, 1049; *Orlando v Orlando,* 222 AD2d 906, 908, *lv dismissed in part and denied in part* 87 NY2d 1052). Plaintiff currently has no employment or earnings as a result of the parties' mutual decision that she give up her career to serve as a full-time homemaker and caretaker of the children. We reject defendant's contention that employment and income should be imputed to plaintiff for purposes of allocating responsibility for payment of the unreimbursed health-related expenses of the children (*see, Kowalczewski v Vogt* [appeal No. 1], 286 AD2d 892; *Gezelter v Shoshani,* 283 AD2d 455, 456-457; *Petek v Petek,* 239 AD2d 327, 328). Moreover, educational expenses may be awarded where warranted by the best interests of the children and "as justice requires" (Domestic Relations Law § 240 [1-b] [c] [7]), upon a showing of "special circumstances" (*Lannen v Lannen,* 231 AD2d 931, 932; *see, Matter of Cassano v Cassano,* 203 AD2d 563, 565, *affd* 85 NY2d 649). Relevant factors include the educational background of the parents, the child's scholastic ability, and the parents' ability to provide the necessary funds (*see, Matter of Cassano v Cassano, supra,* at 564; *see also, Lannen v Lannen, supra,* at 932). Here, the record establishes that both parents received their education at private Jewish schools, that the children have always attended such schools and excelled in their schooling, and that defendant is able to provide the necessary funds. We therefore see no abuse of discretion in the court's determination (*cf., York v York,* 247 AD2d 612, 613; *Matter of Peikon-Cotz v Peikon,* 232 AD2d 644; *see generally, Allen L. v Myrna L.,* 224 AD2d 495, 496-497).

Considering the relative financial circumstances of the parties, and the relative merits of their positions at trial, the court did not abuse its discretion in ordering defendant to pay $15,000 toward plaintiff's counsel fees (*see, Solomon v Solomon,* 282 AD2d 666; *Mica v Mica,* 275 AD2d 765; *Jablonski v Jablonski,* 275 AD2d 692, 693-694).

On the record before us, we are unable to review defendant's challenge to the court's award of maintenance on the ground that such award unfairly duplicates the distributive award. By its distributive award, the court gave plaintiff a share of the Present value of the "enhanced earnings" of defendant attributable to his medical license, which was obtained during the marriage (*see generally, Grunfeld v Grunfeld,* 94 NY2d 696, 704-706; *McSparron v McSparron,* 87 NY2d 275, 285-286, *rearg dismissed* 88 NY2d 916). "Once a court converts a specific stream of income into an asset, that income may no longer be calculated into the maintenance formula and payout" (*Grunfeld v Grunfeld, supra,* at 705). On the other hand, "[t]here is no double counting to the extent that maintenance is based upon spousal income which is not capitalized and then converted into and distributed as marital property" (*Grunfeld v Grunfeld, supra,* at 707). Here, the court's decision does not make clear whether the maintenance award included amounts corresponding to portions of defendant's income that were capitalized for purposes of determining the distributive award (*see generally, Grunfeld v Grunfeld, supra,* at 706-707; *Erickson v Erickson,* 281 AD2d 862, 862-863; *Jarrell v Jarrell,* 276 AD2d 353, *lv denied* 96 NY2d 710; *Atwal v Atwal* [appeal No. 2], 270 AD2d 799, *lv denied* 95 NY2d 761). We therefore modify the judgment by vacating the maintenance award, and we remit the matter to Supreme Court to determine maintenance and to state "whether the court consider[s] the enhancement in its award of maintenance" (*Anderson v Anderson,* 286 AD2d 967, 969).

We further modify the judgment by providing for termination of maintenance upon the death of either party, plaintiff's remarriage, or the passage of 12 years (*see, Yunis v Yunis,* 255 AD2d 992, *affd* 94 NY2d 787; *Atwal v Atwal, supra,* at 800). Taking into account the parties' respective ages, health, schooling, and financial standing, we agree with the trial court that an award of maintenance for a substantial duration is justified by the fact that plaintiff, for domestic reasons, opted out of the workforce for 11 years (*see,* Domestic Relations Law § 236 [B] [6] [a] [8]; *Price v Price,* 69 NY2d 8, 14-15). Nonetheless, given that plaintiff attended three years of college, worked as a medical assistant at the time of the marriage and for a year afterward, and was in her early 40's at the time of the divorce, we conclude that a maintenance award of 12 years should give plaintiff ample time to fulfill her parental obligations and become capable of supporting herself "at a level roughly commensurate with the marital standard of living" (*Summer v Summer,* 85 NY2d 1014, 1016, *rearg denied* 86 NY2d 886; *see,*

*Hartog v Hartog,* 85 NY2d 36, 51-52). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Matrimonial.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.