Matter of E.L. v T.S. (2007 NY Slip Op 50785(U))

[*1]

Matter of E.L. v T.S.

2007 NY Slip Op 50785(U) [15 Misc 3d 1120(A)]

Decided on April 11, 2007

Family Ct, Onondaga County

Hanuszczak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2007

Family Ct, Onondaga County
In the Matter of E.L. v. T.S.
F-04451

Gilles R.R. Abitrol, Esq., for the petitioner
Edward B. Alderman, Esq., attorney for the respondent.

Michael L. Hanuszczak, J.
The petitioner and the respondent each object to the Findings of Fact and Order of Support, filed and entered on February 1, 2007. An Affidavit of Service has been filed with the Court, indicating that the attorney for the petitioner and the respondent properly served the respective Objections upon the opposing attorney. The Court requested that the attorneys provide a copy of the trial transcript, which was received by the Court on March 16, 2007. No Rebuttal was received from either party.
On October 12, 2006, the petitioner filed a petition seeking a downward modification of the child support provisions of a Massachusetts divorce decree dated June 16, 2003 and registered in New York on July 17, 2006. The petitioner was ordered to pay the amount of $86.93 per week for the support of two minor children in the decree.
The petitioner alleged the following changes in circumstances: he is disabled and the respondent's salary is over $150,000.00. He further alleged that he was unemployed from November, 2003 until July 15, 2006 and after that date until "now."
The matter proceeded to trial on January 8, 2007. The petitioner appeared and represented himself, and the respondent appeared together with her attorney, Edward B. Alderman, Esq.
The Support Magistrate made the following findings: (1) the evidence shows that the petitioner worked in 2004 and 2005; (2) the petitioner was granted Social Security Disability (SSD) benefits, effective January, 2007; (3) the petitioner's eligibility for Medi-Cal was approved effective December 1, 2006 (note: the petitioner resides in Los Angeles, California); (4) the petitioner is found to be disabled as of December 1, 2006 and his income from SSD of $830.00 per month is used in computing his child support obligation; (5) the petitioner lives rent-free in a guesthouse on the property that a family trust maintains for his mother and sister, and the value of rent is found to be a resource available to the petitioner in the amount of $500.00 per month; (6) the petitioner has promissory notes for loans made to him from the family trust, and such amounts are not found to be income as the trust has demanded payment from the petitioner; (7) there is no evidence that the petitioner has any portion of the proceeds from past real estate transactions; (8) the respondent is employed by P. A. of Syracuse and her current salary is [*2]$165,000.00 per year; (9) the combined income of the parties is greater than $80,000.00 and the presumptively correct child support obligation under the Child Support Standards Act (CSSA) for the petitioner is $227.50 per month; (10) the presumptively correct child support payment is found to be unjust or inappropriate as the petitioner's income is found to be substantially less than the respondent's income; (11) although the divorce decree divides the tax exemptions for the parties between the parties, the petitioner took the tax exemptions for both children in 2005; and (12) the petitioner is not entitled to take the tax exemptions as he is not paying child support as ordered.
Based upon these findings, the Support Magistrate granted the petitioner's request and modified the 2003 divorce decree, directing the petitioner to pay the sum of $100.00 per month for the support of the children, effective December 1, 2006, with an additional $50.00 per month on the accumulated gross retroactive support amount. The Support Magistrate also directed the respondent to continue to provide health insurance for the children and to pay 100% of the uncovered health expenditures. Finally, the Support Magistrate directed that the respondent be granted the tax exemptions for both children, effective December 1, 2006.
The attorney for the[*3] petitioner objects to this determination, arguing that the disparity of incomes between the parties combined with the petitioner's disability warrants an exemption from any child support obligation.
The attorney for the respondent also objects to the modified order. He makes the following arguments: (1) the petitioner testified that the value of rent for the guesthouse in which he resides is between $600.00 and $700.00 per month, not $500.00; (2) the petitioner has not repaid the $20,000.00 automobile loan to the family trust and the trust's demand for repayment is a sham; (3) there is no competent proof that the petitioner is unable to work; (4) the Support Magistrate did not explain how the final order of $100.00 per month was determined; and (5) it was error for the Support Magistrate to dismiss the respondent's enforcement application for lack of jurisdiction on October 2, 2006.
The petitioner's objection is denied for the following reasons. Under New York State law, each parent is required to provide a fair and reasonable amount of support for his or her minor children within financial guidelines set by statute and based upon an analysis of the financial resources of the parents. (Fam. Ct. Act § 413.) A recurring theme in the petitioner's testimony is that he should not have to pay any child support since the respondent is earning upwards of $150,000.00 per year. Indeed, a review of the case file indicates that the petitioner ceased making any child support payments in June of 2003, shortly after the parties' divorce, even in time periods during which he was employed. Such "self-help" is contrary to the public policy that each parent is required to contribute to the financial well-being of his or her children. By itself, the income disparity between the parties does not amount to a change of circumstances such that the support order should be modified, especially where, as here, the petitioner has unilaterally ceased making child support payments. The petitioner testified that at the time of the divorce he was employed in a factory outlet at an annual salary of $24,000.00. Since a review of the file shows that the respondent received her medical degree in 1990, it is likely that there has always been a significant difference between the incomes of the parties.
The petitioner also argues that he is disabled and unable to work. However, the petitioner failed to present competent proof of his inability to work. The determination of the [*4]Social Security Administration or the California Medi-Cal system that the petitioner is disabled is not binding on the question which is before this Court: did the petitioner prove that he is unable to work and that his child support obligation should be reduced. (Bukovinsky v. Bukovinsky, 299 AD2d 786.)
Although the petitioner testified that he has been unable to work since 2004 because he is depressed over not seeing his children and also asserted on his sworn petition that he was unemployed during that same time, he testified that he was gainfully employed as a caretaker for his mother and sister during 2004 and 2005 with an income of between $23,000.00 and $24,000.00 per year. The petitioner also testified that he has a back condition which requires surgery but, again, no competent medical testimony was placed before the Court showing that he is unable to work.
Although the petitioner testified that he has applied for employment at a number of businesses, he failed to provide any competent documentation of his applications or interactions with these potential employers. The petitioner did not explain why he has not sought employment in the travel industry when he testified that he was the head of a travel agency in the years between 1987 and 1993. The petitioner's resume indicated that he had received training as a pharmacy technician; yet he failed to seek out any employment in this area. This Court finds that the petitioner did not conduct a good faith effort to find a job and he did not prove that he is not able to work. (Cicardi v Cicardi, 267 AD2d 784.) Where it to reach this issue, the Court would find that an annual income of at least $24,000.00 could be imputed to the petitioner. (Kowalczewski v. Vogt, 286 AD2d 892.)
The Court notes that the petitioner's testimony throughout [*5]the proceeding was contradictory and evasive in the extreme. This is especially true with respect to his testimony regarding the family trust which was set up by his father for the care of his mother and sister and of which he is a co-trustee with his mother. This Court finds that the petitioner's testimony with respect to amounts of money which he allegedly "owes" to the trust for the Mercedes automobile which he purchased during his marriage and which he retains, and for other so-called "loans" is consistent with notions of self-dealing and not credible.
The petitioner also testified that he lives rent-free in a guesthouse located on property owned by the family trust. He further testified that the rent on such a dwelling would be "$800.00 to $900.00" per month because of its location in Los Angeles, California. The petitioner testified that he has paid no child support since 2003, but that he claimed both of the children on his 2005 tax return. The petitioner did not explain how he could not afford to pay any child support but could afford to travel to Belgium in 2004. The petitioner also did not satisfactorily explain how he could pay his current living expenses or how he could reduce the balance owed on his credit union loan from $5,125.00 as of October, 2006 to $2,800.00 in just three months. This Court finds that the petitioner's account of his financial situation is not credible. Were the Court to reach the issue, the Court would find that the petitioner has financial resources available to him of at least $800.00 per month tax free. (Thomas v. DeFalco, 270 AD2d 277; Phelps v. LaPoint, 284 AD2d 605.)
Therefore, based upon these findings, the petitioner's Objection is denied. The Court also notes that it is deeply disturbed over the petitioner's seemingly complete abdication of his financial responsibility to his children.
With respect to the respondent's Objection, the Court grants the Objection in part and [*6]denies it in part. An application for a downward modification of an order of support must allege that there has been a change in circumstances since the entry of the prior order. (Fam Ct. Act §451.) Based upon the foregoing analysis, this Court finds that the petitioner did not meet his burden of proving that a downward modification of the support order should be granted based upon his disability and the disparity of incomes between the parties. Therefore, the petition for modification is dismissed with prejudice, the Findings of Fact and Order of Support, filed and entered on February 1, 2007, is vacated, and the support provisions of the Massachusetts divorce decree, dated June 16, 2003, are reinstated.Therefore, the respondent's Objection is granted in part based upon the Court's decision to vacate the modification order. The respondent's objection to the October 2, 2006 Order of Dismissal of the enforcement petition is denied as an objection was not filed within the statutory time frame set forth in Section 439(e) of the Family Court Act.
Accordingly, the petitioner's Objection is hereby denied, and the respondent's Objection is hereby granted in part and denied in part. The Findings of Fact and Order of Support, filed and entered on February 1, 2007 is hereby vacated, and the support provisions of the Massachusetts divorce decree dated June 16, 2003 are hereby reinstated.