JUSTIN W. FRANCIS, Appellant, v SUSANNE FRANCIS, Respondent. [899 NYS2d 699]—

Appeal from a judgment of the Supreme Court, Erie County (Janice M. Rosa, J.), entered June 17, 2009 in a divorce action. The judgment, inter alia, determined the child support obligations of the parties.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff father appeals from an order that, inter alia, determined the child support obligations of the parties and their respective shares of education expenses. We note at the outset that, although the father appeals from the order rather than the subsequent judgment of divorce, in the exercise of our discretion we treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see* CPLR 5520 [c]; *Miller v Richardson*, 48 AD3d 1298, 1300 [2008], *lv denied* 11 NY3d 710 [2008]; *Gordon v Gordon*, 210 AD2d 929 [1994]).

The father contends that Supreme Court failed to set forth the factors it considered in applying the statutory formula to the combined parental income in excess of $80,000 and that the combined parental income should have been capped at $100,000. We reject that contention. The court did not abuse its discretion in setting a cap of $160,000 for the combined parental income, and it properly set forth the factors it considered in deviating from the $80,000 statutory cap (*see* Domestic Relations Law § 240 [1-b] [f]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]; *Corasanti v Corasanti*, 296 AD2d 831 [2002]).

The contention of the father that the court erred in directing him to pay his pro rata share of the children's private school tuition lacks merit. "[A] parent is not obligated to pay for the cost of [the children's] private schooling unless special circumstances exist" (*Matter of Cassano v Cassano*, 203 AD2d 563, 564 [1994], *affd* 85 NY2d 649 [1995]; *see Lannen v Lannen*, 231 AD2d 931 [1996]). "The relevant factors that comprise special circumstances include the educational background of the parents, the [children's] academic ability, and the parents' financial ability to provide the necessary funds" (*Lannen*, 231 AD2d at 932; *see Cassano*, 203 AD2d at 564). Based on those factors, we conclude that special circumstances exist in this case (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *cf. Cassano*, 203 AD2d at 565; *Lannen*, 231 AD2d 931 [1996]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.