# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**296**

**CA 11-01257**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

ELLEN J. GALLAGHER,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                          MEMORANDUM AND ORDER

EDWARD R. GALLAGHER,
DEFENDANT-APPELLANT-RESPONDENT.
(APPEAL NO. 1.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

GETNICK, LIVINGSTON, ATKINSON & PRIORE, LLP, UTICA (THOMAS L. ATKINSON
OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an amended judgment of the Supreme
Court, Oneida County (David A. Murad, J.), entered May 26, 2011 in a
divorce action. The amended judgment, among other things, dissolved
the marriage between the parties and determined the equitable
distribution of the marital assets.

It is hereby ORDERED that the amended judgment so appealed from
is unanimously modified on the law by reducing the distributive award
in the amount of $586,065 set forth in the 3rd decretal paragraph to
$543,227 and reducing the lump sum partial distributive award in the
amount of $260,000 set forth in the 4th, 5th, and 10th decretal
paragraphs to $217,162, and as modified the amended judgment is
affirmed without costs.

Memorandum: Plaintiff wife commenced this divorce action in
August 2007 seeking, inter alia, equitable distribution of the marital
property and child support. In appeal No. 1, defendant husband
appeals and the wife cross-appeals from an amended judgment following
a trial and, in appeal No. 2, the husband appeals from a subsequent
order that, inter alia, restricted him from entering into contracts
for real property. The parties have owned and operated a dairy farm
since 1983. The parties' second oldest son (hereafter, son) started
working full-time on the farm in early 2002, at approximately the same
time that the wife no longer had any involvement in the farm. The
husband and son proceeded to expand the farm by increasing the size of
the cattle herd and acquiring additional real property, some of which
was titled in the son's name. In August 2008, the son commenced an
action against the parties seeking an interest in the farm, and the
actions were consolidated for a joint trial. At the conclusion of

testimony with respect to the son's action, Supreme Court concluded that the son and the husband had not formed a partnership and dismissed the son's complaint.

With respect to the amended judgment in appeal No. 1, the husband contends on appeal that, in determining the value of the farm for equitable distribution purposes, the court should not have included the value of the real property that was titled in the son's name. Contrary to the wife's contention on her cross appeal, the husband is not collaterally estopped from raising that contention inasmuch as the order dismissing the son's complaint did not address his entitlement to possession of real property that was titled in his name (*see Zayatz v Collins*, 48 AD3d 1287, 1290). We conclude, however, that the husband's contention is without merit. Pursuant to Domestic Relations Law § 236 (B) (5) (d) (13), a court may consider "any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration" when making its equitable distribution determination. Here, the court properly determined that the value of the real property that was titled in the son's name constituted marital property inasmuch as that property was purchased using farm income (*see Niland v Niland*, 291 AD2d 876, 876-877). The record supports the court's determination that the purchases of property titled in the name of the son were part of the husband's scheme to divest the wife of her interest in the farm.

Contrary to the husband's further contention on appeal in appeal No. 1, the court did not abuse its discretion in denying that part of his motion to retain and offer testimony from different expert witnesses than those he had listed in his expert disclosure. The court properly determined that the husband failed to demonstrate "good cause" for the late disclosure, which was not made until the middle of the trial, and that permitting the late disclosure would be prejudicial to the wife (CPLR 3101 [d] [1] [i]; *see Caccioppoli v City of New York*, 50 AD3d 1079, 1080; *see also Saggese v Madison Mut. Ins. Co.*, 294 AD2d 900, 901; *cf. Peck v Tired Iron Transp.*, 209 AD2d 979, 979). Contrary to the husband's contention, "[t]he court did not err in failing to take into account the tax impacts of the distributive award because there was no evidence that any assets would have to be sold" (*Atwal v Atwal* [appeal No. 2], 270 AD2d 799, 799, *lv denied* 95 NY2d 761; *see Kudela v Kudela*, 277 AD2d 1015, 1015).

With respect to the equitable distribution of the farm, the husband contends on appeal in appeal No. 1 that the court improperly calculated the value thereof, and the wife contends on her cross appeal that the court erred in its valuation date. In addition, both parties contend that the court's determination to award the wife 45% of that asset was inequitable. First, we conclude that the court did not abuse its discretion in valuing the farm as of the date of the commencement of the action (*see George v George*, 237 AD2d 894, 894). As the court noted, the farm "had not undergone the type of radical alteration subsequent to the commencement of the action that would warrant a valuation of the [farm] at the time of trial" (*Grunfeld v Grunfeld*, 94 NY2d 696, 708). Second, we reject the husband's contention that the court erred in its valuation of the real property

of the farm, but we agree with the husband that the court erred in failing to decrease that amount by a debt on a portion of the real property in the amount of $46,201 (*see Loria v Loria*, 46 AD3d 768, 770).  We further agree with the husband that the value of the farm should be decreased by the amount of the open accounts, which was $48,995.  It was undisputed that the wife's expert appraised the farm personalty on a liquidation basis, which the court adopted, and a liquidation of the business would apply the debts on those open accounts.  We therefore modify the amended judgment by reducing the distributive award to the wife in the amount of $586,065 set forth in the 3rd decretal paragraph to $543,227 and reducing the lump sum partial distributive award in the amount of $260,000 set forth in the 4th, 5th, and 10th decretal paragraphs to $217,162.  We further conclude that the court did not abuse its discretion in awarding the wife 45% of the value of the farm (*see generally Oliver v Oliver*, 70 AD3d 1428, 1428-1429).  Contrary to the husband's contention, "the relevant factors were taken into consideration by the court and the reasons for its decision are articulated" (*Butler v Butler*, 256 AD2d 1041, 1042, *lv denied* 93 NY2d 805).

     We reject the husband's further contention on appeal in appeal No. 1 that the court abused its discretion in awarding him 15% of the value of the wife's enhanced earnings from teaching based on her attainment of a master's degree (*see Martinson v Martinson*, 32 AD3d 1276, 1277).  " '[W]here only modest contributions are made by the nontitled spouse toward the other spouse's attainment of a degree . . . and the attainment is more directly the result of the titled spouse's own ability, tenacity, perseverance and hard work, it is appropriate for courts to limit the distributed amount of that enhanced earning capacity' " (*Higgins v Higgins*, 50 AD3d 852, 853).  Contrary to the contentions of the husband on appeal and the wife on her cross appeal, the court did not abuse its discretion in awarding the wife $40,000 in counsel fees, which was less than half the amount she was seeking (*see Blake v Blake* [appeal No. 1], 83 AD3d 1509).  The court properly considered, inter alia, "the financial circumstances of both parties . . . [and] the existence of any dilatory or obstructionist conduct" (*id.; see Johnson v Chapin*, 12 NY3d 461, 467, *rearg denied* 13 NY3d 888).  Although the wife had the financial ability to pay for her own counsel fees, the husband had engaged in some obstructionist conduct during the trial.  We have considered the parties' remaining contentions in appeal No. 1 and conclude that they are without merit.

     With respect to the order in appeal No. 2, we agree with the husband that the court erred in restricting him from entering into or closing on any real property contracts inasmuch as the wife did not seek that relief in her order to show cause (*cf. Tirado v Miller*, 75 AD3d 153, 158).  We therefore modify the order in appeal No. 2 by vacating the fifth ordering paragraph.


Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court