# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**17**

**CA 12-01289**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

TERESA M. BELEC, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DAVID A. BELEC, DEFENDANT-APPELLANT.

---

MICHAEL D. SCHMITT, ROCHESTER, FOR DEFENDANT-APPELLANT.

INCLIMA LAW FIRM, PLLC, ROCHESTER (CHARLES P. INCLIMA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Elma A. Bellini, J.), entered September 30, 2011 in a divorce action. The judgment, inter alia, determined the issues of custody and child support.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant father appeals from a judgment that, inter alia, determined the issues of custody and child support. We reject the father's contention that the Referee's decision awarding sole custody and primary physical residence of the child to plaintiff mother, which decision was adopted by Supreme Court, lacked a sound and substantial basis in the record. Initially, we reject the father's contention that the Referee failed to set forth a sufficient factual basis for his decision. The Referee properly "set forth the facts [he] deem[ed] essential" in making his determination (*Matter of Mathewson v Sessler*, 94 AD3d 1487, 1489, *lv denied* 19 NY3d 815 [internal quotation marks omitted]). The Referee found, inter alia, that the father's application for equal time with and/or sole custody of the child was economically motivated and that the mother was more fit because the father was preoccupied with child support, placed his needs above the child's needs, and was not as stable. When the father moved out of the marital residence, he agreed to certain visitation time with the child that was established to accommodate his schedule. The court gave appropriate consideration to that agreement, pursuant to which the mother was the primary physical custodian (*see generally Martusewicz v Martusewicz*, 217 AD2d 926, 926-927, *lv denied* 88 NY2d 801). We conclude that the Referee's factual findings are supported by a sound and substantial basis in the record (*see Matter of McLeod v McLeod*, 59 AD3d 1011, 1011).

Contrary to the father's further contention, the Referee did not

abuse his discretion in ordering the father to pay 40% of the child's private elementary school tuition (*see Fruchter v Fruchter*, 288 AD2d 942, 943).  A court may award educational expenses "[w]here [it] determines, having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires, that the present or future provision of . . . private . . . education for the child is appropriate" (Domestic Relations Law § 240 [1-b] [c] [7]; *see Francis v Francis*, 72 AD3d 1594, 1595).  The evidence established that the parties agreed to send the child to a certain private school rather than the public school where they resided, and at the time of the trial the child had been in that school for three years and was thriving.  Although the father testified that he wanted the child to attend the public school in the district where he now lived, there was no evidence that the child could attend that school, that it was in her best interests to attend that school, or that the father was financially unable to provide the necessary funds for the private school.

We have considered the remaining contentions of the father and conclude that they are without merit.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court