# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**565**
**CAF 14-00280**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF CHAD SPRINGSTEAD,
PETITIONER-APPELLANT,

                        V                             MEMORANDUM AND ORDER

SALINA WINSHIP BUNK, RESPONDENT-RESPONDENT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR
PETITIONER-APPELLANT.

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR RESPONDENT-RESPONDENT.

BROWNYN E. ENDERS, ATTORNEY FOR THE CHILD, BELFAST

---

Appeal from an order of the Family Court, Cattaraugus County
(Judith E. Samber, R.), entered January 10, 2014 in a proceeding
pursuant to Family Court Act article 6. The order, among other
things, awarded respondent sole legal and physical custody of the
subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to Family Court
Act article 6, petitioner father appeals from an order modifying a
prior order and awarding sole legal and physical custody of the
parties' son to respondent mother. We affirm.

We reject the father's contention that Family Court erred in
admitting evidence concerning his criminal history and conduct while
incarcerated. Inasmuch as "[a] parent's criminal history may militate
against an award of custody" (*Matter of Nunn v Bagley*, 63 AD3d 1068,
1069; *see Matter of Tompkins v Holmes*, 27 AD3d 846, 847; *Hilton v
Hilton*, 244 AD2d 902, 903, *lv dismissed* 91 NY2d 922), that evidence
was relevant and properly admitted. In addition, the record
establishes that the court "did not place undue emphasis on the
father's past criminal convictions" or on his conduct while
incarcerated (*Matter of Michaellica Lee W.*, 106 AD3d 639, 640).

Contrary to the father's further contention, "there is a sound
and substantial basis in the record to support the court's
determination that it was in the [child's] best interests to award
sole custody to the mother, and thus we will not disturb that

determination" (*Matter of Lawson v Lawson*, 111 AD3d 1393, 1393; *see Matter of Brown v Wolfgram*, 109 AD3d 1144, 1145; *Belec v Belec*, 103 AD3d 1089, 1089-1090).  The record establishes that the father "is less able than [the mother] to provide for the child's stability and physical, medical, educational, moral, and emotional well-being" (*Matter of Richard C.T. v Helen R.G.*, 37 AD3d 1118, 1119; *see Matter of Weekley v Weekley*, 109 AD3d 1177, 1178-1179; *see generally Fox v Fox*, 177 AD2d 209, 210).