Matter of Brooks v Wallace (2021 NY Slip Op 00845)





Matter of Brooks v Wallace


2021 NY Slip Op 00845


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-14357
 (Docket Nos. V-29751-16, V-2764-17, V-12632-17)

[*1]In the Matter of Na'Tosha D. Brooks, petitioner-respondent, 
v
Lanzo Wallace, appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Lanzo Wallace, appellant,ACS-Kings, respondent, Na'Tosha D. Brooks, respondent-respondent. (Proceeding No. 2.)


Linda C. Braunsberg, Staten Island, NY, for appellant.
Jill M. Zuccardy, New York, NY, for petitioner-respondent in Proceeding No. 1 and respondent-respondent in Proceeding No. 2.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Marcia Egger, and Nicole Bingham of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from stated portions of an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated November 13, 2019. The order, after a hearing, inter alia, granted that branch of the mother's petition which was for sole legal custody of the parties' child and, in effect, denied that branch of the father's petition which was for sole legal custody of the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father each filed a petition for sole legal and residential custody of their child, a daughter born in 2014. Following a hearing, the Family Court, inter alia, awarded sole legal custody of the child to the mother. The father appeals.
The paramount concern in this custody dispute is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). The best interests must be determined by considering the totality of the circumstances, including such factors as the promotion of stability for the child, the respective home environments of the parents, and the relative fitness of each parent (see Matter of Ahmad v Rani, 185 AD3d 581). "The credibility findings of the Family Court should be accorded great weight, and its custody determinations should not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Shu Jiao Zhao v Wei Rong, 188 AD3d 1220, 1221).
Here, the Family Court's determination that the child's best interests would be served by awarding sole legal custody to the mother has a sound and substantial basis in the record and will not be disturbed (see Matter of Smith v Gabb, 185 AD3d 696; Matter of Springstead v Bunk, 128 AD3d 1516; Matter of Nunn v Bagley, 63 AD3d 1068).
The father's remaining contentions are without merit.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court