■ Richard E. Shew, Respondent-Appellant, v Arlene E. Shew, Appellant-Respondent. [598 NYS2d 623] —Judgment unanimously affirmed without costs. Memorandum: In the judgment of divorce, Supreme Court ordered plaintiff to pay defendant weekly maintenance of $175 for five years and then, for the five subsequent years, weekly maintenance of $100. Defendant contends that the court abused its discretion and that she should have permanent weekly maintenance payments of $175, with upward adjustments for inflation. We

disagree. The court's award reflects a consideration of the statutory factors (see, Domestic Relations Law § 236 [B] [6] [a] [1], [2], [3], [4], [8], [11]) and an appropriate balance between defendant's need and plaintiff's ability to pay.

"Questions of maintenance are addressed to the sound discretion of the trial court (see, Domestic Relations Law § 236 [B] [6]; *Majauskas v Majauskas,* 61 NY2d 481, 494; *Pacifico v Pacifico,* 101 AD2d 709, 710)" *(Torgersen v Torgersen,* 188 AD2d 1023, 1024). Although defendant was not employed outside the home during the course of the parties' marriage of 27 years, the record demonstrates that she is capable of becoming self-supporting. Defendant, a high school graduate in her mid-40s, is in good health. The parties have no minor children, defendant continues to live in her parents' home and her expenses are minimal. There are few marital assets. The initial maintenance payments will consume nearly half of plaintiff's net income, and his expenses increased when he moved out of his in-laws' home. Relative to his financial situation, plaintiff is paying substantial maintenance, and defendant should be able to become self-supporting by the time that maintenance payments cease. (Appeals from Judgment of Supreme Court, Oneida County, Tenney, J.—Divorce.) Present—Callahan, J. P., Green, Lawton, Fallon and Boehm, JJ.