■ JOY RHEINSTEIN, Respondent-Appellant, v THOMAS RHEINSTEIN, Appellant-Respondent. [667 NYS2d 156] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memoran-

dum: On appeal from a judgment of divorce, defendant husband contends that Supreme Court erred in including as marital property an entire Merrill Lynch account opened by him in 1983. We conclude that the Merrill Lynch account is marital property only in part. Defendant adequately traced the source of $155,230.03 in the account to an inheritance from his father and a gift from his uncle (see, Domestic Relations Law § 236 [B] [1] [d] [1]; *Alaimo v Alaimo*, 199 AD2d 1039, 1040-1041). Although another $52,644.02 came from accounts jointly held by defendant and his uncle that were liquidated upon the uncle's death, those accounts existed during the parties' marriage, and defendant failed to rebut the presumption that they are marital assets (see, *Krinsky v Krinsky*, 208 AD2d 599, 600; see also, *Matter of Tilley*, 166 App Div 240, *affd* 215 NY 702). The remaining $8,180.71 used to fund the Merrill Lynch account came from tax refunds and awards received by defendant during the course of his employment and is properly considered marital property. We reject plaintiff wife's contention that the entire Merrill Lynch account is a marital asset because defendant referred to the account as marital property and used the funds for marital purposes. Thus, we conclude that the Merrill Lynch account was funded 28.2% with marital assets and 71.8% with defendant's separate property.

At the time the divorce action was commenced, the account was valued at $331,076, and the appreciation of the account during the marriage was due solely to market forces. As a passive investor, defendant is entitled to the increased value of his separate property contributions (see, *Price v Price*, 69 NY2d 8, 18). We conclude, therefore, that $237,712.56 from the Merrill Lynch account is defendant's separate property and that $93,363.43 is subject to equitable distribution. We further conclude that, because 71.8% of the Merrill Lynch account is defendant's separate property, 71.8% of $12,812 withdrawn from the Merrill Lynch account and deposited in the IRA account, or $9,199, is defendant's separate property and that the balance of $29,239 of that investment account must be equitably distributed.

The court further erred by failing to direct that defendant receive a $15,848 credit upon the sale of the marital residence. The money was traced by defendant to an inheritance that he received from his mother before the marriage and used as a down payment on the first marital home (see, *Sommers v Sommers*, 203 AD2d 975, 975-976; *Mink v Mink*, 163 AD2d 748, 749). Defendant, however, is not entitled to a credit for money withdrawn from the Merrill Lynch account and deposited in a

joint bank account before being used to fund an addition to the residence (*see, Giuffre v Giuffre*, 204 AD2d 684). Thus, defendant is entitled to $15,848 from the net proceeds of the sale of the marital residence, and the balance of the sale proceeds are subject to equitable distribution. We reject the contention of defendant that he is entitled to any further credit or that the court otherwise erred in its classification of marital property.

Because plaintiff has failed to address in her brief the issues raised by her notice of cross appeal, she is deemed to have abandoned those issues (*see, Ciesinski v Town of Aurora*, 202 AD2d 984). Our conclusion that the court erred in classifying the Merrill Lynch account and the IRA account in their entirety as marital property, and in failing to direct that defendant receive a $15,848 credit upon the sale of the marital home, substantially changes the court's determination. We therefore remit the matter to Supreme Court for reconsideration of its awards relating to marital property, maintenance and counsel fees (*see, Sarafian v Sarafian*, 140 AD2d 801, 806). (Appeals from Judgment of Supreme Court, Monroe County, Wagner, J.H.O.—Equitable Distribution.) Present—Pine, J. P., Lawton, Hayes, Wisner and Fallon, JJ.