■ NANCY RINDOS, Appellant, v KENNETH RINDOS, Respondent. [694 NYS2d 735] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from stated portions of a judgment of the Supreme Court, Nassau County (Goldstein, J.), entered May 12, 1998, which, *inter alia,* (1) awarded her maintenance in the sum of $5,000 per month for a period of six years retroactive to January 23, 1998, (2) awarded her the sum of $6,572 as her distributive share of the proceeds of an income tax refund escrow account, (3) directed that three life insurance policies owned by her and insuring her life be cashed in and the proceeds thereof be distributed between the parties, and (4) awarded the defendant a credit of $73,201 toward the equitable distribution award and directed that he convey to the plaintiff a bargain and sale deed transferring to her his interest in the marital residence.

Ordered that the judgment is modified by (1) deleting from subdivision (c) of the 3rd decretal paragraph thereof the words "six (6) years" and substituting therefor the words "ten (10) years"; (2) deleting from the 19th decretal paragraph thereof the sum of "$6,572" and substituting therefor the sum of "$9,626.50"; (3) deleting the 22nd decretal paragraph thereof, which directs the cashing in of the three insurance policies owned by the plaintiff and insuring her life, and substituting therefor a provision directing that the plaintiff shall pay to the defendant a sum equal to one-half the cash surrender value of each of these policies, and that upon the payment thereof the policies shall be deemed to be the property of the plaintiff; and (4) deleting so much of the 24th decretal paragraph thereof as awarded the defendant a credit of $73,201 toward the award of equitable distribution and directed that he transfer his interest in the marital residence to the plaintiff, and substituting

therefor a provision awarding the plaintiff the exclusive use and occupancy of the marital residence until the emancipation of the parties' youngest child, and that upon such emancipation, the marital residence shall be sold and the proceeds thereof divided equally between the parties; as so modified, the judgment is affirmed, insofar as appealed from, without costs or disbursements, and the plaintiff's time to pay to the defendant one-half the cash surrender value of the insurance policies in question is extended until 90 days after service upon her of a copy of this decision and order with notice of entry.

Considering all of the evidence adduced in this case, including the testimony of the plaintiff concerning her disability, we conclude that the defendant's obligation to pay maintenance should continue for a period of 10 rather than 6 years. Although we do not credit the plaintiff's claim that her disability warrants lifetime maintenance, she established that due to her serious arthritic condition, and due also to an extended period of time during which she was without significant work experience, a longer period of time is necessary for her to regain self-sufficiency (*see generally, O'Brien v O'Brien,* 66 NY2d 576).

We agree with the plaintiff that the Supreme Court erred in granting a credit of $10,767 to the defendant for Federal taxes paid by him relative to the jointly-filed 1995 income tax return. The parties executed a tax indemnification agreement which provided that the defendant would be responsible for that amount. Accordingly, the sum of $28,569 contained in the income tax refund escrow account must be divided equally between the parties ($14,284.50 to each party), and the plaintiff's share must then be diminished by the sum of $4,658, representing a credit for a 1995 tax refund which she retained. Thus, the plaintiff is entitled to a payment of $9,626.50 from that account.

Under all of the circumstances presented, the insurance policies insuring the plaintiff's life plaintiff should be deemed to be her property, upon her payment to the defendant of a sum equal to one-half the cash surrender value thereof.

We do not agree with the award to the plaintiff of the title to the marital premises coupled with a credit in favor of the defendant in the sum of $73,201 towards the amount of equitable distribution. Under the circumstances of this case, the plaintiff is granted the exclusive use and occupancy of the marital residence until the emancipation of the youngest child, at which time the property is to be sold and the proceeds to be divided equally.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.