■ TINA MAGYAR, Appellant, v PAUL C. MAGYAR, Respondent. (Appeal No. 1.) [713 NYS2d 137] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J., for Pigott, Jr., J., pursuant to CPLR 9002—Matrimonial.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ TINA MAGYAR, Appellant, v PAUL C. MAGYAR, Respondent. (Appeal No. 2.) [712 NYS2d 713] —Amended judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this action for divorce and ancillary relief, plaintiff wife appeals, as limited by her brief, from an amended judgment insofar as it (1) ordered that $7,700 of the $9,100 held in escrow from the sale of the marital residence be used to satisfy the marital debt and that the balance of the escrow monies be paid to plaintiff in partial satisfaction of $1,750 in maintenance arrears; (2) directed defendant husband to deliver half of the parties' silver coin collection to plaintiff; (3) directed defendant to pay plaintiff $150 per week in maintenance for six years commencing on July 9, 1998; (4) directed defendant to pay plaintiff $140 per week in child support; and (5) directed defendant to pay plaintiff $2,143, representing one half of the

Phoenix, Metropolitan and Lutheran insurance and/or annuity policies cashed in by defendant.

We reject the contention of plaintiff that Supreme Court erred by ordering that the marital debt be paid from the proceeds of the sale of the marital residence. "[O]utstanding financial obligations incurred during the marriage which are not solely the responsibility of the spouse who incurred them may be offset against the total marital assets to be divided" (*Feldman v Feldman*, 204 AD2d 268, 270). Here, there is no dispute that the debt at issue constitutes marital debt.

The court should have awarded maintenance and child support retroactive to April 10, 1996, the date of the application therefor (*see*, Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; *DiSanto v DiSanto*, 198 AD2d 838). We thus remit the matter to Supreme Court to determine the amount of retroactive maintenance and child support owed by defendant, taking into account the payments made by him on behalf of plaintiff and the children under the pendente lite orders. Those payments included, *inter alia*, unallocated support payments for the carrying charges and utilities for the marital residence and the sum of $100 per week. The court must also determine the appropriate allocation of those payments between child support and maintenance (*see*, *Mellen v Mellen*, 260 AD2d 609, 610) and whether payment of any arrears due should be made in one lump sum or periodic sums. We note that payments made by defendant on the marital debt were improperly classified as unallocated support under the pendente lite orders and should not be credited against either child support or maintenance arrears.

We agree with plaintiff that, although the court purported to award her one half of the Lutheran insurance policy, the $2,143 amount set forth in the judgment reflects one half of the total of the Phoenix and Metropolitan policies only. However, because the record does not establish the value of the Lutheran policy, we further direct the court upon remittal to determine such value and plaintiff's one-half share thereof.

We have reviewed plaintiff's remaining contentions and conclude that they are without merit. We therefore modify the amended judgment by: (1) amending the seventh decretal paragraph to provide: "ORDERED, that $7,700 of the monies held in escrow from the sale of the marital residence be used to satisfy the marital debt and that the balance of the escrow monies, if any, be paid to plaintiff, with half of such payment representing partial satisfaction of maintenance arrears"; (2) deleting that part of the 13th decretal paragraph that reads

"commencing on July 9, 1998"; (3) providing in the 13th and 14th decretal paragraphs that defendant's obligation to pay maintenance and child support is retroactive to April 10, 1996; and (4) deleting from the 15th decretal paragraph the Lutheran policy. (Appeal from Amended Judgment of Supreme Court, Niagara County, Joslin, J.—Matrimonial.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.