■ DAVID ANDERSON, IV, Appellant-Respondent, v TERESA M. ANDERSON, Respondent-Appellant. (Appeal No. 1.) [731 NYS2d 108] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court granted defendant a divorce on her counterclaim and in a subsequent order equitably distributed the marital property; awarded maintenance to defendant; awarded sole custody of the parties' two children to defendant; directed plaintiff to pay child support; and awarded exclusive possession of the marital residence to defendant. Plaintiff appeals and defendant cross-appeals from that subsequent order.

The parties were married in 1981. They resided in Philadelphia from 1982 through 1987. The parties then resided in Italy before settling in the Rochester area in 1996. The court erred in awarding defendant one half of the net proceeds from the sale of the condominium in which the parties resided in Philadelphia. The parties purchased the property in 1982 for $84,000 financed by a mortgage of $45,000, at an interest rate of 14.75%; $39,000 from a Merrill Lynch account, which was plaintiff's separate property; and an advance to plaintiff from his interest in a trust established by his grandfather, which was also plaintiff's separate property. In order to pay off the mortgage debt, the parties borrowed $25,000 from plaintiff's father at an interest rate of 8% and plaintiff used funds from his Merrill Lynch account. In distributing the proceeds from the sale of the condominium, the court erred in failing to credit plaintiff for his contribution of separate property that was used both to purchase the property and to pay the balance of the mortgage debt (see, Rheinstein v Rheinstein, 245 AD2d 1024, 1025). The court further erred in failing to deduct from the proceeds of the sale of the condominium both the marital debt paid to plaintiff's father with respect to the $25,000 loan and expenditures made by plaintiff's father with respect to the condominium while the parties resided in Italy. We therefore modify the order by vacating the distribution of the proceeds from the sale of the condominium. The record does not reflect the balance paid on the mortgage debt and thus the matter must be remitted to Supreme Court to determine those issues. The court must then equitably distribute between the parties

any balance remaining after plaintiff is credited for his contributions of separate property and the marital debt paid on the mortgage and to plaintiff's father is deducted (*see, Magyar v Magyar* [appeal No. 2], 272 AD2d 941, 942).

The parties owned a cottage in Italy that they purchased for $40,000. Although the court properly determined that the cottage was marital property, it erred in failing to credit plaintiff with $43,265.75 of separate property that was used to purchase and renovate the property. Both parties participated in the renovation of the property. Defendant admitted at trial that her name was on the deed of the property only because of her Italian citizenship; property could not be purchased by noncitizens. Defendant further admitted that plaintiff did not intend to make a gift of an interest in the property to her and admitted that the funds used to purchase the property were taken from a Swiss bank account held jointly by defendant and his father. Plaintiff rebutted "the presumption that his intent was to create a beneficial interest in defendant" (*McCanna v McCanna*, 274 AD2d 949). The property was sold for $61,000. Thus, plaintiff must be given credit for his contribution of separate property to the asset and only the appreciation in the value of the property in the amount of $17,734.25 is marital property subject to distribution (*see, Cleary v Cleary,* 171 AD2d 1076, 1077). Thus, we further modify the order accordingly.

The court further erred in awarding defendant a one-half interest in plaintiff's interest in the marital residence. On March 29, 1996, plaintiff and his father purchased the marital residence as joint tenants with the right of survivorship. Plaintiff paid a $5,000 deposit with funds from his Merrill Lynch account; he and his father executed a first mortgage in the amount of $120,000; and an additional $87,000 was placed in a checking account opened in the parties' names. The funds deposited in that checking account included $60,985 transferred from the Swiss bank account owned by plaintiff and his father, $9,516.89 from plaintiff's interest in the trust established by his grandfather, and funds deposited by plaintiff's father. The court did not address the issue whether the deposit of separate property into a joint account transmuted those funds into marital assets. However, on this record, we conclude that it did not (*see, Brugge v Brugge,* 245 AD2d 1113, 1113-1114). The checking account was in existence for only six weeks, and was established and used for the sole purpose of depositing the funds for the purchase of the residence. With the exception of that portion of the proceeds from the sale of the Italian cottage deposited in the Swiss bank account that we conclude here to

be marital property ($17,734.25), defendant did not contribute to or withdraw funds from the checking account. Furthermore, plaintiff rebutted the presumption that the checking account was a joint tenancy between plaintiff and defendant (*see,* Banking Law § 675 [b]; *Fischedick v Heitmann,* 267 AD2d 592). Thus, plaintiff established that he contributed $57,782.64 of his separate property for the purchase of the residence, and we therefore further modify the order by vacating the award to defendant of a one-half interest in plaintiff's interest in the marital residence and by providing that plaintiff is entitled to a credit of $57,782.64 at the time the marital residence is sold (*see, Rheinstein v Rheinstein, supra,* at 1025-1026).

We reject the contention of plaintiff that property shipped by his aunt to the parties from his grandmother's home after his grandmother's death is separate property. Plaintiff failed to establish that the items were "acquired by bequest, devise, or descent" (Domestic Relations Law § 236 [B] [1] [d] [1]). We further reject plaintiff's contention that the court erred in distributing the proceeds from the parties' lawsuit in connection with the destruction of property stored at the Philadelphia condominium. The court did not abuse its discretion in awarding each party 50% of the proceeds from that lawsuit (*see generally, Markel v Markel,* 197 AD2d 934).

The amount of maintenance is left to the sound discretion of the trial court, and we conclude that the court did not abuse its discretion in awarding defendant maintenance in the amount of $150 per week for a period of seven years (*see generally, Torgersen v Torgersen,* 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709).

The court properly determined that plaintiff's Masters Degree in Business Administration enhanced plaintiff's earning capacity and that the present value of that enhancement is $73,000. However, it is unclear whether the court considered the enhancement in its award of maintenance and failed to reduce the distributive award with respect to that enhancement by the amount of increased maintenance awarded to defendant (*see, Grunfeld v Grunfeld,* 94 NY2d 696, 705; *McSparron v McSparron,* 87 NY2d 275, 286, *rearg dismissed* 88 NY2d 916; *Reczek v Reczek,* 239 AD2d 867), or whether the court awarded maintenance without consideration of the value of the enhancement. We therefore further modify the order by vacating the distributive award with respect to that enhancement; upon remittal that issue must be determined.

The court erred in failing to comply with the requirements of Domestic Relations Law § 240 (1-b) (a) and (c) when it awarded

child support in the amount of $998 per month. The court failed to include findings with respect to the incomes of the parties and, in the absence of those findings, we are unable to review the propriety of the award (*see, Calabrese v Johnston,* 274 AD2d 971, 971-972). Thus, we further modify the order by vacating the award of child support; upon remittal the award of child support must also be determined. Because the court failed to address and determine the issues of which party may claim the children as dependents for income tax purposes and which party is to pay the carrying charges on the marital residence, those issues must also be determined upon remittal. We have considered the remaining contentions of the parties and conclude that they are without merit. (Appeals from Order of Supreme Court, Monroe County, VanStrydonck, J.—Matrimonial.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.