■ GLORIA A. GENTNER, Appellant-Respondent, v MICHAEL J. GENTNER, Respondent-Appellant. [736 NYS2d 431] —Crew III, J. P. Cross appeals from a judgment of the Supreme Court (Connor, J.) granting defendant a divorce and ordering, *inter alia*, equitable distribution of the parties' marital property, entered November 24, 1999 in Schoharie County, upon a decision of the court.

The parties were married in 1982 and have four children: Michael (born in 1984), Russell (born in 1986), Chelsea (born in 1991) and Ethan (born in 1992). Plaintiff and the children left the marital residence in December 1994 and, in February 1995, plaintiff commenced this action for divorce upon the

ground of cruel and inhuman treatment. Defendant answered and counterclaimed for similar relief. Although a nonjury trial was held over the course of three days during 1996, it appears that no further proceedings ensued until 1998, at which time the parties submitted documentary evidence in lieu of further testimony on the issue of equitable distribution. Ultimately, Supreme Court, *inter alia*, granted defendant a divorce upon the ground of cruel and inhuman treatment, awarded sole custody of the children to plaintiff with limited visitation to defendant and distributed the parties' marital property. These cross appeals ensued.

Initially, we discern no basis upon which to disturb Supreme Court's decision to grant defendant a divorce upon the ground of cruel and inhuman treatment. Although plaintiff maintains that she did not pursue an adulterous relationship with Michael Gebhard, her then paramour and now husband, until March 1995, evidence of an extramarital affair nonetheless provides a sufficient ground upon which to grant a divorce based upon cruel and inhuman treatment (*see, Guneratne v Guneratne*, 214 AD2d 871, 872). To the extent that plaintiff contends that she should have been granted a divorce upon this ground, we need note only that the vastly conflicting testimony offered by plaintiff and defendant on this point presented a credibility issue that Supreme Court was in the best position to resolve (*see, Delliveneri v Delliveneri*, 274 AD2d 798, *lv denied* 95 NY2d 767).

Equally unpersuasive is plaintiff's contention that Supreme Court failed to specify the statutory factors considered in fashioning an equitable distribution award pursuant to Domestic Relations Law § 236 (B) (5) (d). Indeed, Supreme Court's decision not only recites each of the factors that the court considered, but also highlights those factors upon which the court placed greatest emphasis. Turning to the award itself, we agree with plaintiff that the parties' gun collection, with two exceptions, should be treated as marital property.[1] The entire collection was valued at $44,192; after adjusting for those firearms deemed to be plaintiff's and defendant's separate property (*see*, n 1, *supra*), the amount subject to equitable distribution is $35,992, resulting in a credit to plaintiff in the amount

---

1. Plaintiff concedes that certain of the guns, valued at $6,050, are defendant's separate property. Additionally, we are persuaded that the record as a whole establishes that the gun referred to as the "Weatherby" and valued at $2,150 is plaintiff's separate property, and that she is entitled to either the return of the weapon, which apparently is in defendant's possession, or a corresponding credit in that amount.

of $17,996. We further find that the $7,000 withdrawn by defendant from his individual retirement account (hereinafter IRA) constitutes marital property for which plaintiff is entitled to a $3,500 credit. Accordingly, the award fashioned by Supreme Court, as adjusted herein, results in the following distribution to plaintiff:

| | |
|---|---|
| $ 3,970.50 | personal property |
| $ 52,491.50 | one-half interest in marital residence |
| $ 10,500.00 | one-half interest in "Blenheim Hill" property |
| $ 17,996.00 | credit for one-half interest in gun collection |
| $ 2,150.00 | value of "Weatherby" gun |
| $ 3,500.00 | one-half interest in defendant's IRA |
| $ 30,426.50 | retroactive share of defendant's pension[2] |
| $121,034.50 | total[3] |

Although an "equitable" distribution need not be "equal" (see, Goudreau v Goudreau, 283 AD2d 684, 686), we note that the distribution initially made by Supreme Court resulted in defendant receiving assets valued at $123,197.50. In view of the modifications made to Supreme Court's award by this Court, plaintiff can no longer be heard to complain that she did not receive her "fair share." The parties' remaining arguments on this point, including plaintiff's assertion that she should be entitled to a credit for separate funds allegedly expended in the purchase of the marital residence, have been examined and found to be lacking in merit.

Turning to child support and related issues, plaintiff contends that Supreme Court erred in (1) requiring her to pay

2. Supreme Court's judgment directs that "pension benefits shall be paid by income execution from the retirement system to * * * [p]laintiff." To the extent that it is unclear whether such directive applies to the $30,426.50 awarded as retroactive pension benefits, we direct, in the interest of judicial economy, that defendant pay $300 per month, plus interest, by way of income execution from the retirement system until such award has been satisfied.

3. This amount does not include plaintiff's monthly share of defendant's pension ($533.80).

100% of the future unreimbursed medical expenses incurred by the children, (2) failing to require defendant to pay his pro rata share of the unreimbursed medical expenses that are in arrears, and (3) failing to order defendant to pay retroactive child care expenses, in addition to paying his pro rata share of future child care expenses. Defendant, on the other hand, argues that the amount of child support awarded by Supreme Court precludes him from meeting his monthly financial obligations.

As to the issue of child support, save the singular citation to Domestic Relations Law § 240 (1-b) (c), the underlying judgment is devoid of the analysis undertaken or the factors considered in arriving at the support figure of $165.48 per week. In light of the limited insight provided by Supreme Court in this regard, and taking into consideration both the relatively stale financial data contained in the record on appeal and our directive that defendant pay plaintiff the retroactive pension benefits awarded at the rate of $300 per month, we deem it appropriate to remit this matter to Supreme Court for a de novo determination as to child support.

With regard to the payment of future reasonable medical expenses not covered by insurance (see, Domestic Relations Law § 240 [1-b] [c] [5]) and/or reasonable child care expenses (see, Domestic Relations Law § 240 [1-b] [c] [6]), two observations must be made. First, such additions are appropriate only when the noncustodial parent's basic child support obligation has been calculated pursuant to Domestic Relations Law § 240 (1-b) (c) and not when support has been fixed in accordance with Domestic Relations Law § 240 (1-b) (g); in other words, such additions are improper where it has been determined that the amount of support presumptively due under the statute is unjust or inappropriate (see, Callen v Callen, 287 AD2d 818, 819). Moreover, even assuming, upon remittal, that Supreme Court determines that the amount of support presumptively due under the statute indeed is appropriate and that no deviation as to child support is warranted, the court nonetheless is vested with the discretion to order the noncustodial parent to pay a percentage other than his or her pro rata share of uncovered medical expenses and/or child care expenses, provided the court adequately articulates the basis for such deviation (see, Matter of Susan M. v Louis N., 206 AD2d 612, 614; cf., Matter of Gray v Gray, 199 AD2d 644, 645). Thus, it will be for Supreme Court to determine, upon remittal, the amount of child support to be awarded and the percentage, if any, of the future uncovered medical expenses and/or child

care expenses that defendant should bear, in addition to the treatment to be accorded the arrears allegedly existing in this regard.

Finally, we perceive no basis upon which to disturb Supreme Court's award of limited visitation to defendant. Although plaintiff and the Law Guardian urge us to modify this arrangement, the document upon which they base their argument, namely, a psychiatric evaluation apparently conducted by Zvi Klopett, is not contained in the record on appeal. The parties' remaining contentions, including plaintiff's assertion that Supreme Court erred in directing her, Gebhard,[4] defendant and the children to undergo counseling and defendant's assertion that he is entitled to counsel fees, have been examined and found to be lacking in merit.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as determined the parties' gun collection and defendant's individual retirement account to be defendant's separate property and as awarded child support in the amount of $165.48 per week; said gun collection and individual retirement account are deemed to be marital property, plaintiff is entitled to a total credit in the amount of $20,146 for her share of such property, the retroactive pension benefits awarded by Supreme Court in the amount of $30,426.50 are to be paid to plaintiff by income execution in the amount of $300 per month, plus interest, until such award has been satisfied and matter remitted to Supreme Court for further proceedings, including a de novo determination as to child support, not inconsistent with this Court's decision; and, as so modified, affirmed.

---

4. Although there admittedly is an issue regarding whether Supreme Court had jurisdiction to order Gebhard, a nonparty, to undergo counseling, plaintiff lacks standing to assert Gebhard's rights in this regard.