■ In the Matter of BONNIE L. BURTON, Appellant, v THOMAS BURTON, Respondent. [788 NYS2d 483]—

---

Spain, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered September 17, 2003, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

The parties were married in 1984 and are the parents of four children. In 2002, the parties separated and the mother, as custodial parent, commenced this proceeding seeking child support from the father. In March 2003, they reached a child support agreement and placed it on the record in Family Court before a Support Magistrate. They stipulated that the father's annual gross income from his employment with the State of New York was $47,991, that the mother's income—consisting of Social Security income and Social Security disability—was $7,000, and that the presumptively correct child support amount due from the father would be approximately 84% of their combined parental income or $527 biweekly. Nevertheless, citing the father's willingness to extend his support payments for an additional year until each child completed his or her college education or reached the age of 22, the parties—with the court's approval—agreed that he would instead pay $500 biweekly. The parties could not agree, however, on the amount, if any, each parent would pay for the children's medical expenses not covered by insurance, the mother asserting that it would be "inappropriate" to require a custodial parent to pay any portion of such expenses where her total income after receipt of child support was below the self-support reserve (see Family Ct Act § 413 [1] [b] [6]).

The Support Magistrate, rejecting the mother's position, issued an order incorporating the terms of the parties' agreement and directing the father to pay 93% of the children's uninsured medical, dental and optical expenses leaving the mother responsible for the remaining 7%. Family Court denied the mother's subsequent objection to the Support Magistrate's order. On the mother's appeal, we affirm.

The mother contends that because her income—even as supplemented by the child support order—remains below the federal poverty income guidelines, Family Court should not have ordered her to share in any part of the children's future uninsured health care costs. The Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]) provides that "[t]he court shall prorate each parent's share of future reasonable health care expenses of the child not covered by insurance in the same proportion as each parent's income is to the combined parental income" (Family Ct Act § 413 [1] [c] [5]).

Here, although the court-approved stipulation established the parent's pro rata share of their combined parental income at 84% and 16% as indicated, the court ordered the father to pay a greater percentage (i.e., 93%) of the children's uncovered health care expenses. Such variations are permitted by the CSSA where "the non-custodial parent's pro-rata share of the basic child support obligation is unjust or inappropriate" (Family Ct Act § 413 [1] [f]), based on, among other things, "[a] determination that the gross income of one parent is substantially less than the other parent's gross income" (Family Ct Act § 413 [1] [f] [7]; see *Gentner v Gentner*, 289 AD2d 886, 889 [2001]).

The mother nevertheless suggests that Family Court abused its discretion in this matter, that it should have further deviated from the CSSA and assigned 100% of these costs to the father. The mother relies on Family Ct Act § 413 (1) (d), which lowers the basic support obligation to a statutory minimum "where the annual amount of the basic child support obligation would reduce the *non-custodial* parent's income below the poverty income guidelines" (Family Ct Act § 413 [1] [d] [emphasis added]). This Court has interpreted this provision and found that where the basic child support obligation is fixed pursuant to section 413 (1) (d), it is error to increase the *noncustodial* spouse's support obligation by adding his or her pro rata share of health and child care expenses (see *Matter of Cary v Megerell*, 219 AD2d 334, 337 [1996], *lv dismissed* 88 NY2d 1065 [1996]). "In our view, those additions may only be made when the basic child support obligation is determined pursuant to paragraph (c) of Family Court Act § 413 (1) and not paragraph (d) . . ." (*id.* at 337). Given that the reduction in support payments mandated under paragraph (d) arises out of the necessity created by the noncustodial parent's impoverished state, this Court reasonably interpreted the statute to forbid further add-ons to the fixed support obligation.

We find, however, that these provisions do not directly support the mother's position here because she is the *custodial* parent. Family Ct Act § 413 (1) (d) clearly addresses only support obligations of noncustodial parents, limiting the obligation to make support payments when the noncustodial parent's income is below poverty level (see *Matter of Commissioner of Social Servs. of City of N.Y. v Raymond S.*, 180 AD2d 510, 514 [1992]). Paragraph (d) does not address the custodial parent who, although without question contributes financially, is not making support payments under the CSSA. Thus, regardless of the custodial parent's income, a court "shall" pro rate uncovered medical expenses between the parents unless, in its discretion

and applying the factors found in Family Ct Act § 413 (1) (f), it finds the result to be unjust (see Family Ct Act § 413 [1] [c] [5]; *Gentner v Gentner, supra* at 889).

. Having rejected the mother's contention that Family Court was compelled under these circumstances to assign 100% of the unreimbursed medical expenses to the father, we further find that the court's decision to assign 7% of such costs to her was not "unjust" or an abuse of discretion. The parties' net incomes, after the agreed upon child support adjustment, are not so disproportionate to find that the court acted arbitrarily in assigning the mother to pay seven of every hundred dollars in uncovered medical expenses incurred by the children.

Mercure, J.P., Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.