In the Matter of ANONYMOUS, Respondent, v ANONYMOUS, Appellant. [819 NYS2d 588]—

Crew III, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered September 13, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

Petitioner and respondent, who never married, are the parents of a child born in 2004. The child resides in Michigan with petitioner, his mother. In August 2004, petitioner commenced the instant proceeding for child support. A hearing

ensued, at the conclusion of which the Support Magistrate ordered respondent to, among other things, pay petitioner child support in the amount of $2,300 per month, pay 80% of the child's uncovered healthcare costs and obtain a life insurance policy in the amount of $500,000 naming the child as the sole beneficiary. Petitioner thereafter filed objections to the findings of the Support Magistrate, contending that the amount of child support awarded was "woefully inadequate." Family Court agreed, increased respondent's child support obligation to $3,400 per month and ordered respondent to pay 100% of "all uninsured medical, dental, optometric, prescription or daycare expenses" incurred on behalf of the child. This appeal by respondent ensued.

Respondent, as so limited by his brief, contends that Family Court erred in "adding back" certain expenses initially denied by the Support Magistrate, compelling him to pay 100% of the child's uncovered expenses and failing to provide for a declining term life insurance policy to secure his support obligation. Turning first to the disputed additions to the Support Magistrate's award, we agree with respondent that Family Court abused its discretion in compelling respondent to pay $390 per month in travel expenses for the child. Petitioner testified that she travels, on average, five to seven days each month for her job and, while she was nursing, took the child with her on business trips. Petitioner no longer is nursing, however, and she conceded that it is not necessary for the child to accompany her every time she travels out of town. While there indeed is a significant disparity in the parties' respective incomes, petitioner is by no means impoverished and, in the absence of a compelling reason why the child must accompany her on business trips, we are of the view that petitioner, not respondent, should bear the cost of the child's admittedly discretionary travel. Accordingly, respondent's monthly child support obligation is reduced by $390 per month.*

Respondent also takes issue with the $350 per week that petitioner was awarded for childcare. On this point, petitioner testified that day care in her area cost approximately $200 per week, that she paid her mother $350 per week to watch the child for roughly nine hours a day and that employing a nanny to watch the child for the same time period would cost ap-

---

* Such reduction in respondent's monthly child support obligation does not entitle respondent to recoup, nor does it obligate petitioner to reimburse respondent for, travel expenses previously paid by respondent, i.e., petitioner's obligation to bear the cost of the child's travel expenses is entirely prospective in nature.

proximately $600 per week. Although respondent understandably has some concerns regarding the fee negotiated and the financial arrangements existing between petitioner and her mother, the fact remains that $350 per week falls within the range of childcare costs established by petitioner and, as the sum itself is not unreasonable, we decline to disturb Family Court's award in this regard.

We do, however, take issue with Family Court's decision to order respondent to pay 100% of "all uninsured medical, dental, optometric, prescription or daycare expenses" incurred on behalf of the child. As a starting point, Family Court's award already provides for a reasonable sum to cover childcare expenses and, hence, any reference to "daycare expenses" in the cited language is both unnecessary and unwarranted. With regard to the actual percentage, Family Ct Act § 413 (1) (c) (5) provides that "[t]he court shall prorate each parent's share of future reasonable health care expenses of the child not covered by insurance in the same proportion as each parent's income is to the combined parental income." While there indeed is the catch-all provision contained in Family Ct Act § 413 (1) (f), which permits the court to deviate from the relevant percentage if the amount awarded is unjust or inappropriate (*see Matter of Burton v Burton*, 14 AD3d 915, 916-917 [2005]), no such showing has been made here. Accordingly, as respondent's income represents 98% of the combined parental income, he is liable for 98% of the child's uncovered medical, dental, optometric and/or prescription expenses.

Finally, we agree with respondent that the $500,000 life insurance policy intended to secure his child support obligation should be a declining term policy that would permit respondent to reduce the amount of coverage by the amount of support actually paid (*see Somerville v Somerville*, 26 AD3d 647, 649-650 [2006]; *Florio v Florio*, 25 AD3d 947, 951 [2006]). Supreme Court's order thus is modified accordingly.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed respondent to pay child support in the amount of $3,400 per month, directed respondent to pay 100% of "all uninsured medical, dental, optometric, prescription or daycare expenses" incurred on behalf of the parties' child and ordered respondent to maintain a $500,000 life insurance policy to secure his child support obligation; respondent's monthly child support obligation is reduced to $3,010 per month, respondent is directed to pay 98% of all uncovered healthcare expenses incurred on behalf of the child and respondent is permitted to

obtain a declining term life insurance policy in the amount of $500,000; and, as so modified, affirmed.