(March 14, 2008)

■ ALFRED L. FROST, III, Appellant-Respondent, v MICHELLE FROST, Respondent-Appellant. [854 NYS2d 621]—

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by providing in the 17th decretal paragraph that plaintiff shall receive a credit of half the amount he paid to reduce the principal balance of the mortgage on the marital residence after defendant had moved out of that residence, by vacating the amount of weekly child support awarded in the 24th decretal paragraph, and by vacating the 25th decretal paragraph and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff husband appeals and defendant wife cross-appeals from a judgment of divorce entered upon a referee's report. We reject the contentions of both parties with respect to Supreme Court's award of maintenance to defendant. "As a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the

trial court" (*Boughton v Boughton*, 239 AD2d 935, 935 [1997]), and we perceive no abuse of discretion here. The record establishes that the court appropriately considered defendant's "reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors" set forth in Domestic Relations Law § 236 (B) (6) (a) (*Hartog v Hartog*, 85 NY2d 36, 52 [1995]). Further, "the court has great flexibility and discretion to fashion an equitable award" in distributing the marital assets (*Lester v Lester*, 237 AD2d 872, 874 [1997]), and the court properly exercised that flexibility and discretion in awarding defendant, in addition to maintenance, $50,000 to be paid from marital assets to pursue additional education. The court also properly required plaintiff to maintain a policy of life insurance to secure his maintenance obligation (*see* Domestic Relations Law § 236 [B] [8] [a]).

Contrary to the contention of defendant, the court properly concluded that she failed to rebut the presumption that the proceeds of her personal injury settlement, which were deposited into the parties' joint checking account, were marital property (*see Garner v Garner*, 307 AD2d 510, 512 [2003], *lv denied* 100 NY2d 516 [2003]; *see also Di Nardo v Di Nardo*, 144 AD2d 906 [1988]). In distributing the marital property, the court also properly denied the request of plaintiff for a credit for payments he made toward the carrying charges of the marital residence (*see Beece v Beece*, 289 AD2d 352, 353 [2001]). The court erred, however, in denying his request for a credit of half the amount he paid to reduce the principal balance of the mortgage on the marital residence after defendant had moved out with the children (*see MacDonald v MacDonald*, 226 AD2d 596, 597 [1996]). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court to recalculate the distributive award.

With respect to child support, the court properly considered the statutory factors in determining that the application of the statutory formula to combined parental income in excess of $80,000 would be unjust or inappropriate (*see* Domestic Relations Law § 240 [1-b] [c] [3]; [f]; *see generally Matter of Cassano v Cassano*, 85 NY2d 649, 654 [1995]). Further, in light of that determination, the court did not abuse its discretion in directing plaintiff to pay 100% of the children's private school tuition (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *Fruchter v Fruchter*, 288 AD2d 942, 943 [2001]), the cost of providing health insurance benefits (*see* Domestic Relations Law § 240 [1] [d]), and medical expenses not covered by insurance (*see Gentner v Gentner*, 289 AD2d 886, 889 [2001]). The court also did not abuse its discretion in denying plaintiff's request to claim both

children as tax exemptions (*see Gundlach v Gundlach*, 223 AD2d 942, 944 [1996], *lv denied* 88 NY2d 802 [1996]). The court erred, however, in including the maintenance awarded to defendant as her income for the purpose of calculating the child support award (*see Lee v Lee*, 18 AD3d 508, 510 [2005]; *see also Huber v Huber*, 229 AD2d 904 [1996]). We therefore further modify the judgment accordingly, and we direct Supreme Court upon remittal to recalculate the child support award. Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.