■ DANIELLE L. REED, Respondent, v GORDON S. REED, Appellant. [865 NYS2d 414]—

Appeal from an amended judgment of the Supreme Court,

Erie County (Janice M. Rosa, J.), entered July 10, 2007 in a divorce action. The amended judgment, among other things, distributed the marital property and awarded plaintiff maintenance.

It is hereby ordered that the amended judgment so appealed from is unanimously modified on the law by providing that maintenance shall terminate 13 years from the date of the amended judgment and by vacating the amount of life insurance defendant must maintain to secure his child support and maintenance obligations and as modified the amended judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from an amended judgment of divorce that, inter alia, directed him to pay maintenance, child support and plaintiff's counsel fees and expert witness fees, as well as distributed marital property. The parties were married in 1987 and have three minor children. Supreme Court properly concluded that the trust created in 1984 by defendant's paternal grandfather (GSR Trust) was the separate property of defendant and that the trust created by defendant in 1986 prior to the parties' marriage (Quercus Trust) constituted marital property. Defendant "failed to trace the source of the funds [in the Quercus Trust] with sufficient particularity to rebut the presumption that they were marital property" (*Massimi v Massimi,* 35 AD3d 400, 402 [2006], *lv denied* 9 NY3d 801 [2007]) and, indeed, plaintiff established that the entirety of the Quercus Trust was transmuted into marital property as a result of commingling (*see generally Haas v Haas,* 265 AD2d 887, 888 [1999]; *Rheinstein v Rheinstein,* 245 AD2d 1024, 1025 [1997]). Nevertheless, we note that the court erred in determining in the alternative that plaintiff was entitled to a portion of the Quercus Trust based on her contributions to its appreciation inasmuch as the alleged contributions of plaintiff to the appreciation of that trust consisted solely of her presence at annual meetings concerning investments.

We reject the further contention of defendant that he was entitled to a separate property credit for funds that he contributed to pay off the mortgage on the marital residence and to improve that residence. Those funds were taken from marital property (*see generally Saasto v Saasto,* 211 AD2d 708, 709 [1995]). Also contrary to defendant's contentions, the court properly determined that the interest in the Vast Oaks property was marital property inasmuch as it was acquired by the Quercus Trust, and the court properly determined the value of defendant's business interest in the company in which defen-

dant was a 50% owner. "Absent some evidence that the valuation [was] unreasonable or other credible evidence showing a different value, it should not be disturbed" (*Harmon v Harmon,* 173 AD2d 98, 107 [1992]).

Although we agree with defendant that the court erred in imputing various amounts of "phantom" income to him for purposes of determining child support, there is sufficient evidence in the record to support the amount of child support awarded to plaintiff. Contrary to defendant's contention, in determining the combined parental income beyond the $80,000 cap, the court properly considered the standard of living that the children would have enjoyed had the marriage not ended (*see* Domestic Relations Law § 240 [1-b] [c] [3]; [f] [3]; *Matter of Cassano v Cassano,* 85 NY2d 649, 653 [1995]). In addition, the court properly determined that the tax returns of the parties bore "little resemblance to the real available income" and that defendant had "available to him substantially more [income] than [what was] reported" (*see Matter of Buley v Buley,* 142 AD2d 814, 815 [1988]; *see also Carr v Carr,* 171 AD2d 776, 777 [1991]).

We agree with defendant, however, that the court erred in awarding plaintiff lifetime maintenance, in light of plaintiff's age and work experience. Although " '[a]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court' " (*Frost v Frost,* 49 AD3d 1150, 1150-1151 [2008]), the authority of this Court in determining issues of maintenance is as broad as that of the trial court, and we conclude that the award of maintenance is excessive (*see Wipperman v Wipperman,* 277 AD2d 1040, 1041 [2000]). Based on the statutory factors, including plaintiff's education and employment history, as well as the various distributive awards (*see* Domestic Relations Law § 236 [B] [6] [a]), we conclude that plaintiff is capable of future self-support, and thus she is "entitled only to durational maintenance" for 13 years from the date of the amended judgment (*Sperling v Sperling,* 165 AD2d 338, 342 [1991]; *see also Fruchter v Fruchter,* 288 AD2d 942, 944 [2001]; *Costello v Costello,* 268 AD2d 403 [2000]; *Shew v Shew,* 193 AD2d 1142 [1993]). We therefore modify the amended judgment accordingly.

We also agree with defendant that the court erred in failing to provide for a reduction in the amount of his life insurance policy as his child support and maintenance obligations decrease (*see Konigsberg v Konigsberg,* 3 AD3d 330, 331 [2004]; *see also Matter of Anonymous v Anonymous,* 31 AD3d 955, 957 [2006]; *Somerville v Somerville,* 26 AD3d 647, 649-650 [2006], *lv*

*dismissed in part and denied in part* 7 NY3d 859 [2006]). We therefore further modify the amended judgment accordingly, and we remit the matter to Supreme Court to determine the amount of life insurance defendant must maintain to secure his child support and maintenance obligations. Contrary to defendant's further contention, however, the court properly exercised its discretion in awarding plaintiff counsel fees for past services rendered and expert witness fees (*see generally Panek v Panek,* 231 AD2d 959 [1996]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.