■■■ Felice Scala, Appellant, v Venera Scala, Respondent. [873 NYS2d 787]—

Appeal from a judgment of the Supreme Court, Monroe County (John M. Owens, J.), entered August 14, 2007 in a divorce action. The judgment, among other things, awarded nondurational maintenance to defendant.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by providing that maintenance shall terminate 12 years from the date of the judgment and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff appeals from a judgment of divorce that confirmed the report of the Matrimonial Referee (Referee) appointed to hear and report and, inter alia, ordered plaintiff husband to pay maintenance to defendant wife. Plaintiff contends that the Referee erred in precluding him from testifying concerning the nature of his alleged physical injuries based on his willful failure to furnish requested medical authorizations. We reject that contention. Rather, we conclude under the facts and circumstances of this case that the Referee neither abused nor improvidently exercised his discretion in precluding that testimony (*see generally Optic Plus Enters., Ltd. v Bausch & Lomb Inc.*, 37 AD3d 1185, 1186-1187 [2007]).

Plaintiff further contends that Supreme Court erred in confirming the Referee's report both to the extent that the Referee found that the closure by plaintiff of his masonry business constituted a wasteful dissipation of assets and to the extent that the Referee valued the business. With respect to wasteful dissipation, this Court has previously stated that the failure to recoup value from an unprofitable business operated during the marriage constitutes wasteful dissipation of that asset (*see Baker v Baker* [appeal No. 2], 199 AD2d 967, 968 [1993]). Thus, it necessarily is a wasteful dissipation of assets to fail to recoup the value of a profitable business, such as plaintiff's masonry business. We also reject the contention with respect to the valuation of the masonry business. " 'The determination of a fact-finder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques' " (*Johnson v Johnson*, 277 AD2d 923, 926 [2000], *lv dismissed* 96 NY2d 792 [2001]). Here, the Referee, whose report was adopted by the court, credited the conclusion of defendant's expert with respect to the value of the business, and plaintiff "presented no expert testimony that would support a different valuation" (*Schiffmacher v Schiffmacher*, 21 AD3d 1386, 1387 [2005]).

We agree with plaintiff, however, that the court erred in awarding nondurational maintenance to defendant. " 'As a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court' " (*Frost v Frost*, 49 AD3d 1150, 1150-1151 [2008]). Nevertheless, this Court's authority in determining issues of maintenance is as broad as that of the trial court, and we conclude that the award of nondurational maintenance in this case is excessive (*see Reed v Reed*, 55 AD3d 1249 [2008]). Based on the statutory factors, including the parties' respective ages and financial circum-

stances, we conclude that defendant is entitled to maintenance for 12 years from the date of the judgment (see Domestic Relations Law § 236 [B] [6] [a]; see generally Reed, 55 AD3d 1249 [2008]; Fruchter v Fruchter, 288 AD2d 942, 944-945 [2001]). We therefore modify the judgment accordingly. Present—Scudder, P.J., Centra, Fahey, Pine and Gorski, JJ.