■ COLLEEN A. DALY PERRY, Appellant, v JOSEPH J. PERRY, Respondent. [957 NYS2d 798]—

Although "[a]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (*Boughton v Boughton*, 239 AD2d 935, 935 [1997]; *see Scala v Scala*, 59 AD3d 1042, 1043 [2009]; *Frost v Frost*, 49 AD3d 1150, 1150-1151 [2008]), "this Court's authority in determining issues of maintenance is as broad as that of the trial court" (*Scala*, 59 AD3d at 1043). Here, we conclude that Supreme Court improvidently exercised its discretion in directing defendant to pay maintenance for a period of eight years and in sums that, combined with plaintiff's disability income,

leave her at an income level where she could become a public charge. Considering all of the evidence presented in this case, including the uncontroverted testimony of plaintiff concerning her disability, her receipt of Social Security disability benefits, the disparity in the parties' incomes, plaintiff's health, her lack of work history during the marriage, the distribution of marital debts and assets, and defendant's waiver of child support from plaintiff, the correct sum which is $300 annually pursuant to the Child Support Standards Act, we conclude that defendant's obligation to pay maintenance should continue for a period of 10 years rather than eight years (*see Rindos v Rindos*, 264 AD2d 722, 723 [1999]). We further conclude that an award in the sum of $1,000 per month comports with the intended purpose of durational maintenance, i.e., "to provide the economically-disadvantaged spouse with an opportunity to achieve independence" (*Sass v Sass*, 276 AD2d 42, 48 [2000]). We therefore modify the judgment accordingly. We note that, at the conclusion of the period of maintenance, plaintiff is not precluded from making an application to modify the judgment to continue maintenance if she has not become self-supporting (*see id.*).

Finally, we further modify the judgment to make the award of maintenance retroactive to June 23, 2009, the date of the application therefor (*see Burns v Burns*, 84 NY2d 369, 377 [1994]; *Kelly v Kelly*, 19 AD3d 1104, 1107 [2005], *appeal dismissed* 5 NY3d 847 [2005], *reconsideration denied* 6 NY3d 803 [2006]), and we remit the matter to Supreme Court for a determination of the amount of retroactive maintenance and whether such arrears are to be paid "in one lump sum or periodic sums" (*Magyar v Magyar* [appeal No. 2], 272 AD2d 941, 942 [2000]) and/or pursuant to an income execution or Spousal Support Only Income Withholding Order. Present—Scudder, P.J., Centra, Fahey, Carni and Valentino, JJ.