# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1411

CA 12-00808

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

COLLEEN A. DALY PERRY, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

JOSEPH J. PERRY, DEFENDANT-RESPONDENT.

---

CLAIR A. MONTROY, III, ORCHARD PARK, FOR PLAINTIFF-APPELLANT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Shirley Troutman, J.), entered July 25, 2011 in a divorce action. The judgment, among other things, awarded plaintiff maintenance.

It is hereby ORDERED that the judgment so appealed from is unanimously modified in the exercise of discretion by awarding plaintiff maintenance in the sum of $1,000 per month for a period of 10 years retroactive to June 23, 2009 and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, to recalculate the amount of retroactive maintenance due from that date in accordance with the following Memorandum:  In this divorce action, plaintiff appeals from a judgment that, among other things, awarded her maintenance for eight years in the sum of $500 per month for four years and thereafter in the sum of $440 per month. Plaintiff contends that the award of maintenance was unreasonably low and should have been nondurational or, at a minimum, extended beyond eight years.

Although "[a]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (*Boughton v Boughton*, 239 AD2d 935, 935; *see Scala v Scala*, 59 AD3d 1042, 1043; *Frost v Frost*, 49 AD3d 1150, 1150-1151), "this Court's authority in determining issues of maintenance is as broad as that of the trial court" (*Scala*, 59 AD3d at 1043).  Here, we conclude that Supreme Court improvidently exercised its discretion in directing defendant to pay maintenance for a period of eight years and in sums that, combined with plaintiff's disability income, leave her at an income level where she could become a public charge.  Considering all of the evidence presented in this case, including the uncontroverted testimony of plaintiff concerning her disability, her receipt of Social Security disability benefits, the disparity in the parties' incomes, plaintiff's health, her lack of work history during the marriage, the distribution of marital debts and assets, and defendant's waiver of child support from plaintiff, the correct sum which is $300 annually pursuant to the Child Support Standards Act, we conclude that defendant's obligation to pay maintenance should

continue for a period of 10 years rather than eight years (*see Rindos v Rindos*, 264 AD2d 722, 723). We further conclude that an award in the sum of $1,000 per month comports with the intended purpose of durational maintenance, i.e., "to provide the economically-disadvantaged spouse with an opportunity to achieve independence" (*Sass v Sass*, 276 AD2d 42, 48). We therefore modify the judgment accordingly. We note that, at the conclusion of the period of maintenance, plaintiff is not precluded from making an application to modify the judgment to continue maintenance if she has not become self-supporting (*see id.*).

Finally, we further modify the judgment to make the award of maintenance retroactive to June 23, 2009, the date of the application therefor (*see Burns v Burns*, 84 NY2d 369, 377; *Kelly v Kelly*, 19 AD3d 1104, 1107, *appeal dismissed* 5 NY3d 847, *reconsideration denied* 6 NY3d 803), and we remit the matter to Supreme Court for a determination of the amount of retroactive maintenance and whether such arrears are to be paid "in one lump sum or periodic sums" (*Magyar v Magyar* [appeal No. 2], 272 AD2d 941, 942) and/or pursuant to an income execution or Spousal Support Only Income Withholding Order.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court